**In re RIVERSIDE–LINDEN INVESTMENT CO., a general partnership, Debtor.**

**Bankruptcy No. 83–00948–H7.**

United States Bankruptcy Court, S.D. California.

Aug. 31, 1988.

Joel C. Estes, Kevin J. Hoyt, Robert A. Hessling, Estes & Hoyt, APC, San Diego, Cal., for Ralph O. Boldt, Trustee.

John Forest Hilbert, Anderson, Goldberg & Waldron, San Diego, Cal., for Kathryn Crake.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue are the propriety and reasonableness of attorneys' fees and costs charged by attorneys for the trustee in a "Supplemental Application for Final Award of Compensation ..." relating to the administration of the Chapter 7 debtor's estate.

Also at issue is whether the trustee's attorneys are entitled to interest on fees and costs "carried" by the attorneys pursuant to Bankruptcy Code § 726(a)(5). Kathryn Crake ("Crake"), fifty percent general partner of the debtor, objects to the fees and the applicant's request for interest.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157 and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## FACTS

This court previously heard the application of Estes & Hoyt, a professional corporation ("applicant"), on January 25, 1988, regarding an application for final award of compensation or reimbursement of expenses for services rendered on behalf of the Chapter 7 trustee. On April 6, 1988, this court issued its Memorandum Decision which resulted in an order which ultimately approved $27,168.50 in fees and $1,892.45 in costs of the total sum of $40,965.65 requested by applicant. 85 BR 107.

On May 26, 1988, applicant filed its supplemental application for final award of compensation requesting the additional sum of $7,959.00 (later reduced by amendment to $7,709.00) and costs of $729.48 for the period December 29, 1987 through June 15, 1988. In addition, applicant also requests, pursuant to Bankruptcy Code § 726(a)(5), interest on fees and costs "carried by the applicant for the period May 21, 1985 (the estate was first invoiced on May 20, 1985) through June 15, 1988, in the amount of $6,266.32, plus additional interest in the amount of $9.97 per day until paid." The amount of interest is based on a table of computation of interest on unpaid fees at the rate of 8.99% as of the date of the filing of petition on March 2, 1983.

Crake first objects that applicant was already awarded the fees through January 25, 1988 and that therefore to grant applicant additional fees for the period January 1, 1988 through January 25, 1988 in the amount of $3,840.00 would result in a double fee award for this period. This court finds no merit to this objection.

■ However, Crake also argues that $3,418.00 of the $3,840.00 incurred in opposing Crake's objection to the January 25, 1988 fee request should be disallowed since no benefit was rendered to the estate or to the trustee. This court finds Crake's objection as to the $3,418.00 as well taken, since Crake prevailed in her objection and this court reduced applicant's fees by $11,844.00 and costs by $285.20. Accordingly, the sum of $3,418.00 is disallowed.

Crake also objects to applicant's request for interest on the "carried" fees and costs arguing that applicant offers no explanation as to why it did not request interest on unpaid fees at an earlier date and offers no explanation or reason as to why it did not seek interim reimbursement at an earlier date for fees which if awarded would have reduced the estate's potential liability for interest on fees incurred. Crake notes that applicant's last fee application was heard on October 4, 1985, some three years ago. Crake also argues that the estate should not be liable for interest for the time period during which the trustee improperly delayed the final resolution of the estate.

Applicant cited no cases in support of its request for interest on "carried" attorneys' fees but simply relies on Bankruptcy Code § 726(a)(5).

**850**

The only case authority this court could locate is *In re Mesa Refining, Inc.*, 66 B.R. 36, 38 (Bankr.D.Colo.1986) where, in allowing post petition interest on post petition taxes, the bankruptcy court noted that such post petition interest "... is consistent with treatment accorded interest on attorney fees which are also an administrative expense under § 503(b)." The bankruptcy court in *Mesa Refining*, then went on to cite *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983), a case involving an award of attorneys' fees pursuant to the Civil Rights Attorney's Fees Awards Act. In *Ramos*, the court approved award of post petition interest on attorney fees, but stated that, "... [g]enerally, no pre-judgment interest should be paid for the period before the fees are awarded."

■ This court previously found that a court-approved sale of the estate property resulted in the trustee receiving net proceeds of $398,453.41 cash in September 1985. This sum was sufficient to pay all creditors of the estate in full with interest. It also resulted in a surplus to the general partners of the partnership. Applicant offers no reason why an interim application was not sought at an earlier date to preclude the accruing of the interest it now claims. This court concurs in the conclusion set forth in *Mesa Refining, Inc.* that no interest should be allowed on accruing attorney fees until the fees are awarded. If the applicant had obtained an order approving the interim fees but was not paid, then interest and under the rationale in *Mesa Refining, Inc.* interest could be awarded to the extent that a surplus of assets remains to be returned to the debtor.

In this case, since the estate had cash, as early as September 1985, sufficient to pay all claims in full, another interim application should have been submitted by applicant.[1]

Additionally, this court has previously found that the closing of this estate was unnecessarily delayed by the applicant's unnecessary investigation of the Crake partnership interest and the unnecessary delay in resolving the Hafer claim. Therefore, applicant's request for interest is denied.

■ Finally, this court also concurs with Crake's objection that approximately $1,524.00 incurred by applicant in determining whether it is entitled to interest and the amount of such interest should be disallowed.

### CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankr.R. 7052. Counsel for Crake is directed to file with this court an Order in conformance with this Memorandum Decision within fifteen days (15) days from the date of entry hereof. The order shall state with specificity the deductions from applicant's application and include after deduction, the balance due on the application.

---

**1.** Although applicant did not present any evidence as to the yearly interest rate received by the trustee on the cash he held on deposit, based on this court's Bankruptcy Local Rule 5008– 2(a)(5) requiring cash to be held only in government insured savings accounts, this court can reasonably conclude that it was less than the 8.99% per annum applicant now seeks.