In re D.W.G.K. RESTAURANTS, a California corporation, d/b/a Jimmy's Family Restaurants, et al., Debtor.

Bankruptcy No. 85–06182–H11.

United States Bankruptcy Court, S.D. California.

Oct. 2, 1989.

William A. Smelko, Dan Robertson, Colin W. Wied, San Diego, Cal., for debtor.

Joel A. Goldman, Jeffrey I. Golden, Steven J. Katzman, Buchalter, Nemer, Fields & Younger, Newport Beach, Cal., for Interstate.

John L. Morrell, David G. Stork, Higgs, Fletcher & Mack, San Diego, Cal., for Ramsey, et al.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

At issue is 1) whether counsel for debtor, Wied & Smelko, is entitled to a fee enhancement in the above-captioned case, and 2) whether interest is allowed on deferred compensation.

Creditor Interstate Restaurant Supply ("Interstate") and the unsecured creditor group Donald Ramsey, Doris Ramsey, Richard C. Mason, Dominick Aragona and Marie K. Mero ("creditors") filed written opposition to Wied & Smelko's "request for bonus". Thereafter, the parties stipulated to withdraw the opposition.

Wied & Smelko seek a fee enhancement or bonus based upon: 1) the former serious risk of not being paid at all at the time the case was taken; 2) the extreme hardship to Wied & Smelko in having to borrow money in order to continue to represent the debtor and in being forced to carry receivables of approximately $200,000 for a total of three years at twelve percent interest (12%), at a substantial cost to Wied & Smelko; 3) the preclusion of other employment by Wied & Smelko due to acceptance of the case; 4) the undesirability of the case; and 5) the unanticipated time and labor required to confirm a plan and effect a successful reorganization in light of the extreme and constant opposition. Wied & Smelko request the court to award a bonus to be paid only after all administrative and other tax claims are paid in full.

Interstate argues that there is a strong presumption that Wied & Smelko's standard billing rate for all time spent performing necessary legal services, plus costs, is reasonable compensation and that Wied & Smelko has not met its burden showing that a fee enhancement is warranted. Interstate does submit, however, that if all unsecured claims will be paid in full within

the next three years, that a bonus may be justified.

The other creditors argue that Wied & Smelko has failed to set forth any specific evidence which establishes exceptional circumstances which traditionally warrants a court's authorization of a bonus pursuant to 11 U.S.C. § 330. Wied & Smelko has simply listed concerns which confront all debtor's counsel when contemplating retention in a reorganization proceeding.

This court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(1) and General Order No. 312–D of the United States District Court, Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## FACTS

D.W.G.K. Restaurants, Inc., d/b/a Jimmy's Family Restaurants ("debtor"), filed for relief under Chapter 11 of the Bankruptcy Code on December 3, 1985. For purposes of administration this case was consolidated with three other individual cases.

D.W.G.K. is successor to a number of entities including: Jimmy's Family Restaurant, a California general partnership; Jimmy's Family Restaurant "F" Street; Jimmy's Family Restaurant—Oxford; Jimmy's Family Restaurant—Spring Valley; Jimmy's Family Restaurant—National City; Jimmy's Family of Fine Restaurants, Too, Inc.; Jimmy's Inc.; Jimmy's Family Restaurant, Inc.; Jimmy's Fireside; Jimmy's Family Restaurant F.C.V., Inc.; Jimmy's Family Restaurant, L.M., Inc.; Jimmy's Family Restaurant, L.G., Inc.; Jimmy's Family Restaurant, S.V., Inc.; Jimmy's On The Green, Inc.; Jimmy's Coffee Shop; Jimmy's Family of Fine Restaurants; Jimmy's Too; Peter Pipers; La Cresta Associates; Jimmy's Family Restaurant, a sole proprietorship composed of James Walters and Becky Walters; Jimmy's Family Restaurant, a sole proprietorship composed of James Gatsis; Jimmy's Family Restaurant, a sole proprietorship composed of James Daglas and Debbie Daglas; Jimmy's Family Restaurant, a sole proprietorship composed of Peter Kaye and Mary Kaye.

On December 3, 1985, James and Debbie Daglas, James and Becky Walters and Demetrius Gatsis assigned all their interest in all of the partnership assets in the individual restaurants which had been distributed to them in September 1985, to D.W. G.K. Restaurants, Inc., debtor herein. This assignment was made to facilitate the filing of a bankruptcy proceeding and orderly reorganization of entities. The schedules filed by debtor showed taxes owing the United States in the amount of $880,778.70, excluding penalties and interest; taxes owing to the State of California in the amount of $65,842.73, excluding penalties and interest; taxes owing other taxing authorities in the amount of $18,887.84, excluding penalties and interest; secured claims in the amount of $2,323,550.02, excluding interest; and unsecured claims without priority in the amount of $991,568.50, for total liabilities of $4,280,627.79.

The law firm of Wied & Smelko was retained as general counsel to represent the debtor-in-possession in the Chapter 11 case by order of this court dated December 23, 1985. Wied & Smelko was retained pursuant to a fee agreement dated December 3, 1985. The fee agreement states in pertinent part that:

> Upon a successful conclusion of the Chapter 11 proceeding, the firm [Wied & Smelko] may be entitled to an additional sum as a bonus. The amount of the bonus will be based on the factors enumerated above, and will be subject to court approval. A successful conclusion of the Chapter 11 proceeding shall be deemed to have occurred upon the confirmation of a plan of reorganization, or a dismissal of the case when the debtor has been successfully reorganized without the need of a plan.

The case presented a number of obstacles which were successfully overcomed by Wied & Smelko. In the words of attorney Colin Wied:

> "[w]hen the case was filed ... the Jimmy's restaurant operation was in total disarray. No property could be sold be-

cause of liens against it. Financial records either did not exist, or were so distorted that it was difficult to determine the debt and impossible to discern the operating condition of the restaurants.

\* \* \* \* \* \*

Less than eleven months later, the three restaurants operated by the debtor's principals have documented a track record of increasing profitability.

(Debtors' Reply Memorandum of Points and Authorities in Support of Confirmation of Consolidated Debtors' Plan of Reorganization as Amended June 27, 1986, p. 3:11–19).

Attorneys Wied and Smelko personally devoted substantial time to the formulation of the reorganization plan in this case and the ultimate confirmation of the plan of reorganization. Due to the difficult negotiations which led to the confirmation of the plan and the novelty and difficulty of the legal issues presented, this is not the type of case which could have been entrusted to a junior member of the firm. The case did demand and receive the personal attention and commitment of the two principals of the firm.

An order of this court approving debtor's plan of reorganization as amended June 27, 1986, and as modified March 31, 1987, was entered on April 29, 1987. The plan as confirmed will pay all administrative claims which are entitled to priority in full in cash on the effective date of the plan, or as a particular holder may otherwise agree. Each unsecured tax claim which is entitled to priority shall be paid in cash in equal quarterly installments, or more, over a period which begins on the end of the first full calendar quarter following the effective date of the plan, and ends six years after the date of assessment of such claim. Priority claims shall be paid in full in cash on the effective date of the plan, or as a particular holder may otherwise agree. The secured claims shall be paid as follows:

(a) Each holder of a secured claim shall retain its lien on the unit that secured its claim. The lien shall attach to the proceeds of sale of the unit.

(b) Each holder of a secured claim shall be paid out of the proceeds of sale of its security sums which has an aggregate value as of the effective date of the plan equal to the amount of the holder's secured claim. The unsecured claims shall be paid pro rata out of the residue of the estate. Payment shall be made at reasonable intervals as residue is accumulated.

The plan proposed the sale of each unit of property. The essential elements in the debtor's plan are the consolidation of all of the assets and liabilities of all of the Jimmy's individuals and entities, and the debtor's ability to sell its assets at fair market value. The reorganized debtor has to date failed to provide the estate's unsecured creditors with a dividend.

Wied & Smelko has filed a number of interim fee applications in this case.[1] Those fee applications have been approved over the objections of the parties in interest. The request for fee enhancement has been made as part of Wied & Smelko's final fee application. The court has approved the final fee application while reserving a ruling as to the fee enhancement issue. Review of the court file in this case shows that Wied & Smelko have been awarded, through the final fee application, a total of approximately $857,591.50 in fees. The court recognizes that Wied & Smelko has received substantial compensation for their time and efforts in this case.

## DISCUSSION

### Fee Enhancement.

The leading Ninth Circuit decision on the issue of fee enhancement is *In re Manoa Finance Co., Inc.*, 853 F.2d 687 (9th Cir. 1988). The court in *Manoa* held that compensation awards under § 330 may be enhanced only in exceptional circumstances where the applicant produces specific evi-

---

**1.** An order of this court authorizing Wied & Smelko to file fee applications every sixty (60) days was entered on June 19, 1987.

dence that an award based on his standard hourly rate and actual hours does not fairly compensate for the work done. In the recent case of *In re Morris Plan Co. of Iowa,* 100 B.R. 451 (Bankr.N.D.Iowa 1989), the court undertook a detailed analysis of the fee enhancement issue. It determined that virtually all of the courts which have addressed the issue of fee enhancement have concluded that an upward adjustment of the lodestar amount may be allowed. The more troublesome question facing the courts is whether the case before it is a rare and exceptional case warranting such an enhancement.

 In light of the debtor's failure to make payments to the unsecured creditors, this court is reluctant at this time to find that this is a rare and exceptional case warranting a fee enhancement. While Wied & Smelko showed great expertise in confirming a plan of reorganization, the general unsecured creditors have not yet benefited in the least from these services.[2] However, should the general unsecured creditors receive 100% payment on their claims, this court finds that this would be a rare and exceptional case warranting a fee enhancement.[3]

This court shall authorize a fee enhancement only upon the payment to general unsecured creditors of 100% of their allowed claims. Should this event occur, Wied & Smelko is directed to refile their application for bonus. Said application should include proof that the allowed general unsecured claims have been paid and should also state the total amount of fees and costs previously allowed by this court. Debtor's counsel should be mindful of the fact that where a fee enhancement is to be allowed, the enhancement should be no greater than one-third of the lodestar amount. *See Pennsylvania Delaware*

*Valley Citizen's Council for Clean Air II,* 483 U.S. 711, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585.

*Interest.*

Wied & Smelko argue that this court should approve an award of interest on deferred attorney fees. Counsel cites a recent non-bankruptcy Supreme Court decision *Missouri v. Jenkins,* —— U.S. ——, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). In reviewing a request for attorney fees under the Civil Rights Attorneys' Fees Awards Act of 1976 (42 U.S.C. § 1988), the Supreme Court held that an adjustment for delay in payment is an appropriate factor in determining what constitutes a reasonable attorney fee. The court stated:

> Clearly, compensation received several years after the services were rendered—as it frequently is in complex civil rights litigation, is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings. [Footnote omitted]. We agree, therefore that an appropriate adjustment for delay in payment—whether by the application of current rather than historic hourly rates or otherwise—is within the contemplation of the statute.

This court in an earlier decision involving this case, *In re D.W.G.K. Restaurants, Inc.,* 94 B.R. 692 (Bankr.S.D.Cal.1988) allowed an oversecured creditor interest on its attorneys' fees and costs previously allowed by the court under 11 U.S.C. § 506(b). This court allowed interest on the attorneys' fees from the date of the entry of the order awarding attorneys' fees and costs.

In *In re Riverside–Linden Investment Co.,* 89 B.R. 848 (Bankr.S.D.Cal.1988) this court held that no interest should be al-

---

**2.** At the hearing on confirmation of plan filed by debtor held April 7, 1987, the court noted:

In this case it appears that still Class 24 has not accepted the plan. That is the class of unsecured creditors. Specifically, with respect to that class, I find that the holding of any claims of interests that are junior to the class of unsecured creditors will not receive or retain any interests under the plan on

account of such claim. Transcript p. 48:13–18.

**3.** At hearings heard subsequent to this application, attorney William Smelko had advised the court that a compromise with taxing authorities had been reached in principle which will result in a substantial savings for the estate and that there is a reasonable likelihood that unsecured claims will be paid in full.

lowed on accruing attorneys' fees until the fees are awarded. In dicta in the *Riverside–Linden* case, this court stated that where an order approving interim fees is obtained then interest could be awarded to the extent that a surplus of assets remains to be returned to the debtor.

In this case, Wied & Smelko have assisted the estate in confirming the plan. Further, the estate has substantially completed all payments to secured creditors. Wied & Smelko have deferred paying themselves, so that secured creditors could be timely paid, thereby preserving major assets of the estate. This court shall allow. interest on all attorneys' fees previously awarded but unpaid to Wied & Smelko at the rate applied to judgments of the United States Courts affected by the provisions of 28 U.S.C. § 1961 and 40 U.S.C. § 258e–1 and calculated by the manner described therein.

## CONCLUSION

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for debtor is directed to file with this court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry hereof.