**In re David BYRD and Carla C. Byrd, Debtors.**

**Wesley B. HUISINGA, United States Trustee, Appellant,**

**v.**

**CRAIG & NICHOLS, P.C., Appellee.**

**No. Civ. 93–4001.**

United States District Court, D. South Dakota, S.D.

March 15, 1993.

Bruce J. Gering (Advisor), U.S. Trustee's Office, Sioux Falls, SD, for appellant.

James A. Craig, Sioux Falls, SD, for appellee.

## MEMORANDUM OPINION AND ORDER

JOHN B. JONES, Chief Judge.

### Introduction

The United States Trustee appeals a bankruptcy court order allowing pre-award interest on fees charged by debtor's attorney. The United States Trustee contends that interest on fees charged by a debtor's attorney may only begin to accrue after the fees have been properly awarded under 11 U.S.C. § 330. The Court agrees with the United States Trustee and for the following reasons reverses the judgment of the bankruptcy court.

### Jurisdiction

This Court takes jurisdiction over this matter pursuant to 28 U.S.C. § 158(a).

### Standard of Review

This Court reviews the bankruptcy court's legal conclusions *de novo*, while findings of fact are upheld unless clearly erroneous. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir.1987). This appeal involves only an interpretation of law and therefore the applicable standard of review is *de novo*.

### Background

Although not clear from the record, it appears that James A. Craig was properly approved as debtor's attorney by the bankruptcy court. On February 5, 1992, the bankruptcy court entered an order confirming debtor's plan. On November 12, 1992, Craig submitted an interim application for compensation and reimbursement. In his application, Craig sought approval of fees, costs, and sales tax, as well as interest in the amount of $120.30 which he had begun to assess against the unpaid balance of his billing statement beginning in November of 1991. The application stated that Craig had received a pre-petition retainer from the debtors in the amount of $400. At the bankruptcy court hearing on the fee application, Craig stated to the bankruptcy court that he began charging interest after the debtor's retainer was exhausted in November of 1991.

The United States Trustee objected to the interest charges sought by Craig.

The bankruptcy court approved Craig's application in its entirety at a hearing held on the fee application. The bankruptcy court rested its decision on 11 U.S.C. § 330(a)(1), which provides the authority for the court to award compensation for, *inter alia*, "the cost of comparable services other than in a case under this title". The bankruptcy court found that attorneys customarily charge interest on outstanding fees in cases outside of the bankruptcy

arena, and therefore bankruptcy attorneys should be entitled to a recovery for interest on their fees.

### Discussion

■ An attorney hired by the debtors must give notice to the creditors and receive court approval prior to receiving compensation from the bankruptcy estate. 11 U.S.C. § 330. Absent such prior approval, subsequent fee applications should be denied and any funds received should be ordered returned to the estate. *Lavender v. Wood Law Firm*, 785 F.2d 247, 248 (8th Cir.1986). That rule has been expanded in this bankruptcy district to include pre-petition retainers paid by debtors to counsel. *In re Tri-County Water Ass'n, Inc.*, 91 B.R. 547 (Bankr.D.S.D.1988). The court there held that such funds may only be removed from the retainer account after proper notice and court approval.

■ The United States Trustee argues that until attorney fee requests are properly noticed and approved by the court pursuant to § 330, they are an unliquidated claim. Since the attorney has no right to take any of these funds for his own use, he has no right to charge interest on the unpaid balance of his claim. Once the fees are awarded by the court they become an administrative expense under 11 U.S.C. § 503(b). The claim may only be paid after it becomes an administrative expense, and interest may only begin to accrue commencing on the date of the award.

The Ninth Circuit has addressed this issue in a case where an attorney sought interest from the date the fees were invoiced. *In re Riverside–Linden Inv. Co.*, 945 F.2d 320 (9th Cir.1991). Noting that interest may be charged on administrative claims, the court held that attorney fees do not become administrative expenses until the fees have been awarded by the bankruptcy court. The court based its decision on the language of 11 U.S.C. § 503(b): "After notice and a hearing, there shall be

allowed administrative expenses, … including … compensation and reimbursement *awarded under section 330(a) …* ." (emphasis added). The *Riverside* court held "that interest on claims of attorney's fee awarded under § 330(a) accrues from the date they are awarded." *Riverside*, 945 F.2d at 324. This conclusion was reached by all three courts which considered the issue—the bankruptcy court,[1] the bankruptcy appellate panel,[2] and the Ninth Circuit.

The parties and the Court have discovered only three other cases in which courts have considered the issue of interest on unpaid attorney fees. Each of these cases allowed interest only *after* the fees were awarded by the bankruptcy court. *In re Commercial Consortium of California* 135 B.R. 120, 127 (Bankr.C.D.Cal.1991); *In re D.W.G.K. Restaurants* 106 B.R. 194, 197–98 (Bankr.S.D.Cal.1989); *In re Energy Cooperative, Inc.*, 95 B.R. 961, 968 (Bankr. N.D.Ill.1988).

■ The two cases cited for support by appellee in his brief both involve interest on unpaid taxes. However, tax claims are nondischargeable, they are liquidated, and they are not subject to court approval. Moreover, the main case cited by appellee as support for his position goes on to note that Congress intended for taxes to receive special treatment under the bankruptcy code.

> Priority tax claims remain nondischargeable for individual debtors. Under both the act and the code, Congress attempted to balance the interest of the debtor, creditors and government, and in the instance of taxes and interest on such, Congress has determined that the problems of financing the government override granting debtors a wholly fresh start.

*In re Hanna*, 872 F.2d 829, 831 (8th Cir. 1989).[3]

---

1. 89 B.R. 848 (Bankr.S.D.Cal.1988).

2. 111 B.R. 298 (Bankr. 9th Cir.1990).

3. Appellee has attached exhibits to his brief which he states should have been part of the

record. However, appellee did not designate additional items for the record as required by Bankruptcy Rule 8006 and these exhibits are not properly part of the record on appeal. Even were the Court to consider these exhibits, appellee's arguments based on those items must be

As to the "cost of comparable services" reasoning employed by the bankruptcy court, the United States Trustee correctly points out that a debtor's attorney is permitted to apply for interim compensation every 120 days, and if the court approves, he may apply more often. 11 U.S.C. § 331. Such provisions for periodic compensation alleviate the need for a debtor's attorney to charge interest on outstanding claims.

### Conclusion

Based on the language of the bankruptcy code and case law thereunder, interest may be charged on attorney fees only after they are awarded by the bankruptcy court pursuant to 11 U.S.C. § 330.

Therefore,

Upon the record herein,

IT IS ORDERED:

(1) That for the reasons stated herein, the bankruptcy court's Order of December 10, 1992, is reversed to the extent that it awarded James A. Craig interest on attorney's fees prior to the date those fees were awarded under 11 U.S.C. § 330, and the matter is remanded to the bankruptcy court for further proceedings consistent with 11 U.S.C. § 330 and this Memorandum Opinion and Order.

rejected. These exhibits show that all of the creditors will receive 100% payment on their claims and that there is a surplus in the estate. Based on this, appellee argues that there is no harm to anyone by the interest charges. The United States Trustee points out that of all the requirements in the bankruptcy code that must be satisfied before professional fees may be awarded, there is no "ability to pay" test, and therefore appellee's position is untenable.

Moreover, the Court notes that it appears from the appellee's fee application to the bank-

ruptcy court that the only work performed after February 5, 1992 (the date on which appellee could have applied for interim compensation) was on February 27, 1992. From that date until October of 1992, (when the application for fees appears to have been submitted) the only charges appearing on appellee's billing statement are interest charges. Appellee charged 18% interest for 8 months and has presented no explanation for having waited so long to apply for fees.