In re **RIVERSIDE–LINDEN INVESTMENT CO.,** Debtors.

Ralph O. **BOLDT,** Trustee and Estes & Hoty, a Professional Corp., Appellants,

v.

Kathryn **CRAKE,** and Earl Hafer, Appellees.

BAP No. SC 88–1976–AsVP. Bankruptcy No. 83–00948–M7.

United States Bankruptcy Appellate Panel, Ninth Circuit.

Argued and Submitted Jan. 17, 1990.

Decided March 22, 1990.

Robert A. Hessling, Estes & Hoyt, San Diego, Cal., for appellants.

John Forest Hilbert, Andersen, Goldberg & Waldron, San Diego, Cal., for appellees.

## OPINION

Before ASHLAND, VOLINN and PERRIS, Bankruptcy Judges.

ASHLAND, Bankruptcy Judge:

The attorneys for the Chapter 7 trustee appeal the bankruptcy court's disallowance of fees incurred in opposing a creditor's successful objection to the attorneys' final fee application, the court's disallowance of interest on the attorneys' fees, and the court's disallowance of fees incurred in determining whether the attorneys were entitled to interest and in determining the amount of that interest. We affirm.

## FACTS

Many of the underlying facts relevant to this appeal are set forth in this Panel's decision affirming the bankruptcy court's disallowance of fees and costs incurred by Estes & Hoyt ("E & H"), the attorneys for the trustee, in investigating the Hafer claim, in opposing Crake's motion to dismiss or compel distribution, and in investigating the history and formation of the partnership in preparing informational tax returns. *See In re Riverside–Linden Investment Co.*, 99 B.R. 439 (9th Cir. BAP 1989). E & H has appealed the Panel's decision affirming that disallowance of fees to the Ninth Circuit.

E & H filed a supplemental application for a final award of compensation and reimbursement of expenses on May 26, 1988. E & H requested an additional $7,959 (later reduced by amendment to $7,709) for fees and costs for December 29, 1987 through June 15, 1988. The final application had requested fees and costs for the period of December 11, 1984 to January 25, 1988. Additionally E & H sought interest of $6,266.32 on fees and costs from May 21, 1985 through June 15, 1988 plus $9.97 per day thereafter until paid pursuant to § 726(a)(5).

Kathryn Crake ("Crake"), one of the debtor's general partners, filed an objection to the supplemental application. Crake argued that fees for the period of January 1, 1988 to January 25, 1988 in the amount of $3,840 should be disallowed as E & H was already awarded fees and costs through January 25, 1988 in its final application, and the additional allowance would result in a double fee award. At the least, Crake argued that fees totalling $3,418 incurred in opposing Crake's successful objection to the final application should be disallowed as those fees rendered no benefit to either the estate or the trustee.

Crake also objected to E & H's interest request. She argued that the request should be denied as untimely since E & H offered no explanation as to why it did not request interest on the unpaid fees and costs at an earlier date. In addition, she argued that if E & H was allowed to recover interest, the amount should be substantially reduced since E & H offered no reason why it did not seek interim reimbursement for fees and costs which if awarded would have reduced the estate's liability for interest on fees and costs incurred. She also argued that the estate should not be liable for interest for the time period during which the trustee improperly delayed the final resolution of the estate.

Finally, Crake argued that the estate should not be liable for the $1,524 in fees incurred by E & H in determining whether or not E & H was entitled to interest and in determining the amount of the interest.

The court held a hearing on the supplemental application and Crake's objection on June 15, 1988. On August 31, 1988 the court issued its memorandum decision sustaining most of Crake's objections. The court found no merit in Crake's double fee award objection. However, the court sustained Crake's objection as to the $3,418

incurred in opposing her prior objection to E & H's fees since she had prevailed in that prior objection and the court had reduced E & H's fees by $11,844 and costs by $288.20 in the final application. Therefore the court disallowed $3,418 in the supplemental application.

On the interest issue, the court noted that E & H cited no cases in support of its request for interest but simply relied on § 726(a)(5). The court noted that the only authority it could locate was *In re Mesa Refining, Inc.*, 66 B.R. 36, 38 (Bankr.D. Colo.1986), and that the court concurred with the conclusion set forth in *Mesa Refining* that no interest should be allowed on accruing attorney fees until the fees are awarded. If E & H had obtained an order approving interim fees but was not paid, then under the *Mesa Refining* rationale, interest could be awarded to the extent a surplus of assets remained. The court noted that another interim application should have been submitted by E & H since the estate had cash sufficient to pay all claims as early as September, 1985. Additionally, the court's previous finding that the closing of the estate was unnecessarily delayed by the unnecessary investigation of the Crake partnership interest and the unnecessary delay in resolving the Hafer claim supported the denial of interest.

Finally, the court concurred with Crake's objection that the $1,524 incurred by E & H in determining whether it was entitled to interest, and in determining the amount of that interest, should be disallowed.

The court's order incorporating its memorandum was entered on October 7, 1988. It provided that the supplemental application was disallowed in the amount of $4,942 in fees and $6,266.32 in interest through June 15, 1988 plus $9.97 per day until paid, and allowed in the amount of $2,767 in fees and $729.48 in costs for a total allowance of $3,496.48. The order further provided that the allowance was to be paid by the trustee forthwith from funds of the estate. E & H appeals from this order.

## ISSUES

Whether the court properly disallowed fees incurred by E & H in opposing Crake's successful objection to E & H's final application.

Whether the court properly disallowed interest on E & H's fees and costs from May 21, 1985 through the date of the hearing on the supplemental application, and thereafter until paid.

Whether the court properly disallowed fees incurred by E & H in determining whether E & H was entitled to interest, and in determining the amount of that interest.

## STANDARD OF REVIEW

■ A bankruptcy court's award of attorneys' fees will not be disturbed on appeal absent an abuse of discretion or an erroneous application of the law. *In re Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985); *In re International Environmental Dynamics Inc.*, 718 F.2d 322, 326 (9th Cir.1983). Under the abuse of discretion standard, a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Mission Indians v. American Management & Amusement, Inc.*, 824 F.2d 710, 724 (9th Cir.1987); *In re Tong Seae (U.S.A.) Inc.*, 81 B.R. 593, 597 (9th Cir. BAP 1988). Questions of law are reviewed *de novo*. *In re Contractors Equipment Supply Co.*, 861 F.2d 241, 243 (9th Cir.1988); *Nucorp*, 764 F.2d at 657.

## DISCUSSION

*The court properly disallowed fees incurred by E & H in unsuccessfully opposing Crake's objections.*

E & H argues that the court's disallowance of fees incurred in litigating its award of compensation was improper and contrary to the law and rationale espoused by the Ninth Circuit in *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). In *Nucorp*, the bankruptcy court disallowed fees for time devoted to the preparation and presentation of attorneys' fee applications. The district court affirmed the bankruptcy

court's decision to disallow compensation for services related to fee application preparation. *Nucorp,* 764 F.2d at 656. The Ninth Circuit reversed, holding that bankruptcy counsel are entitled to compensation for the time and effort spent in preparing fee applications. 764 F.2d at 662.

E & H cites *Nucorp* for the proposition that time spent opposing Crake's objections is necessarily compensable. However *Nucorp* only provides that bankruptcy counsel are entitled to reasonable compensation for all actual, necessary services rendered in connection with the preparation and presentation of fee applications. 764 F.2d at 663. *Nucorp* does not provide a blanket allowance of fees for any and all services related to the fee application.

*Nucorp* notes that "in statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." 764 F.2d at 660. However most of the cases cited in support of that proposition provide merely that attorneys' fees may be awarded for time devoted in successfully defending appeals of or challenges to the lower court's award of attorneys' fees. *See Southeast Legal Defense Group v. Adams,* 657 F.2d 1118, 1126 (9th Cir.1981); *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal.1974), *aff'd,* 550 F.2d 464 (9th Cir.1977), *rev'd on other grounds,* 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). *See also Prandini v. National Tea Co.,* 585 F.2d 47, 53 (3d Cir.1978) ("courts have consistently held that attorneys may be awarded under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee—i.e. for time spent on the fee application and successful fee appeals").

■ At issue in this case is not the propriety of fees incurred in the preparation of the fee application or in successfully defending appeals of or challenges to the fees. In its final application, E & H requested compensation for approximately 25 hours of time spent in preparing the application. Similarly E & H requested compensation for estimated time to be spent on preparing for and attending the hearing on the final fee application, and for preparing the order on the fee application. All requested compensation relating to the fee application was awarded in the final application.

The final application did note that the amounts requested assumed no objections to the application. In the event the application was contested and significant additional fees and costs were incurred, E & H requested leave to file a supplemental fee application. Crake contested the supplemental application and argued that the $3,418 incurred in opposing Crake's objection to the final fee application should be disallowed since those fees were incurred to oppose objections which were sustained by the bankruptcy court and were for services which rendered no benefit to the estate or to the trustee.

The court found Crake's objection well taken since Crake prevailed in her objection and the court reduced E & H's fees by $11,844 and costs by $288.20. To the extent the court based its consideration of time for preparation of the fee application solely on benefit to the estate or to the trustee, we reject the application of such a test. *See Nucorp,* 764 F.2d at 661–62. Rather, as noted in *Nucorp,* 764 F.2d at 658, in reviewing the propriety of the bankruptcy court's decision to disallow compensation for services related to fee application preparation, it is necessary to determine whether such services are actual and necessary and whether they are compensable in non-bankruptcy cases. The services performed by E & H in opposing Crake's successful objection to the fee application were not necessary and the court did not abuse its discretion in disallowing those fees.

E & H argues that the court did not completely sustain Crake's objection since of the $13,747.50 in fees objected to, only $11,844 in fees was disallowed. However we agree with the bankruptcy court that Crake effectively prevailed in her objection and that the court properly disallowed fees incurred by E & H in unsuccessfully litigating its fee application. *Nucorp* does not

authorize recovery of fees incurred when attorneys fail to support the propriety of their fee requests. A contrary ruling could encourage attorneys to assert meritless fee requests. Regardless of whether or not they were awarded the requested fees, the attorneys could recover fees incurred in opposing objections to the meritless request. Such a result is not contemplated by *Nucorp*.

*The court properly disallowed interest on E & H's fees and costs, and fees related to the interest issue.*

■ E & H sought interest of $6,266.32 on fees and costs from May 21, 1985 (the day after the estate was first invoiced) through June 15, 1988 (the day the court held a hearing on the supplemental application) plus $9.97 thereafter until paid pursuant to § 726(a)(5). Section 726 provides a distribution scheme for property of a Chapter 7 estate. Section 726(a)(5) provides that prior to distributing property to a debtor when a surplus of assets exists, property of the estate shall be distributed, "fifth, in payment of interest at the legal rate from the date of filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection." 11 U.S.C. § 726(a)(5). Since the debtor's estate had a surplus of assets after paying all claims, E & H interprets this section to allow it interest on its postpetition attorneys' fees from the date the estate was invoiced for the attorneys' fees until the date the fees are paid. We do not interpret § 726(a)(5) to allow attorneys to recover interest on accruing fees prior to the date the fees are awarded under § 330.

E & H cites no case law in support of its interpretation of § 726(a)(5) but argues that the statute speaks for itself and on its face allows the payment of interest on accruing attorneys' fees prior to the date the fees are awarded by the bankruptcy court. We disagree.

Section 726(a)(5) provides:

(a) Except as provided in section 510 of this title, property of the estate shall be distributed—

(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title;

\*   \*   \*   \*   \*   \*

(5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; and

(6) sixth, to the debtor.

11 U.S.C. § 726(a). Section 507 specifies that administrative expenses allowed under § 503(b) have first priority. Such administrative expenses include compensation and reimbursement awarded under § 330(a).

Crake argues that interest allowed under § 726(a)(5) is limited to prepetition claims. Such a limitation seems logical from the wording of the statute. Section 726(a)(5) allows interest "from the date of the filing of the petition." Interest cannot accrue from the date of the filing of the petition on claims that did not exist on the petition date.

Unfortunately, the statute is somewhat ambiguous. Although the above limitation seems logical from the wording of the statute which allows interest from the date of the filing of the petition, the statute does not specifically limit its application to prepetition claims. In fact, since § 726(a)(5) allows interest on claims paid under § 726(a)(1), and § 726(a)(1) allows the payment of claims specified in § 507, which include postpetition administrative expenses allowed under § 503(b), it appears that § 726(a)(5) allows the payment of interest on postpetition administrative expenses. *See In re Peaches Records & Tapes*, 102 B.R. 193, 196 (9th Cir. BAP 1989). Since compensation and reimbursement awarded under § 330(a) are administrative expenses under § 503(b)(2), it appears that § 726(a)(5) authorizes the payment of interest on fees and costs awarded under § 330(a).

However, the date provided in the statute, the petition date, cannot be the date upon which interest on the fees and costs begins to accrue. On the date the petition is filed, the attorneys will not yet have been authorized to represent the estate un-

der § 327. Interest cannot accrue on fees for services which have not yet been performed.

E & H does not seek interest from the petition date. Rather, E & H argues that § 726(a)(5) expressly requires interest to be paid from and after the date the fees and costs were invoiced, or at the very least, from and after the date the fee application was filed. Therefore E & H agrees that the date provided within the statute is not the date upon which interest begins to accrue, but then argues that somehow § 726(a)(5) expressly provides another date upon which interest begins to accrue, the date the fees and costs were invoiced, or at the very least, the date the fee application was filed.

We find no express requirement in § 726(a)(5) that would require the payment of interest from either of those dates. Similarly, the bankruptcy court found no such requirement. The bankruptcy court relied on *In re Mesa Refining, Inc.*, 66 B.R. 36, 38 (Bankr.D.Colo.1986), and found that no interest should be allowed on accruing attorneys' fees until the fees are awarded.

*Mesa Refining* did not address § 726(a)(5), and it does not appear that *Mesa Refining* dealt with a surplus estate or even involved a Chapter 7 debtor. *Mesa Refining* merely noted that some courts had allowed interest on postpetition attorneys' fees after the date of the order awarding fees. 66 B.R. at 38.

Since § 726(a)(5) does not provide us with an appropriate date upon which interest begins to accrue in this particular situation, we must determine an appropriate date. In order to be entitled to fees and costs, a professional employed under § 327 must apply for and be awarded those fees and costs, after notice and a hearing, under either § 330 or § 331. A professional is not entitled to an administrative expense under § 503(b) until the court awards fees and costs under § 330(a). Since the professional's fees and costs are not entitled to be treated as an administrative expense until the date the court awards the fees and costs, interest, which is paid under § 726(a)(5) based on the administrative expense status of the fees and costs, cannot begin to accrue until the date the court awards the fees and costs. Therefore, the bankruptcy court correctly concluded that no interest should be allowed on accruing attorneys' fees and costs until the fees and costs are awarded.

■ In addition to denying interest prior to the date the fees and costs were awarded, the court disallowed $1,524 incurred in determining whether E & H was entitled to interest, and in determining the amount of that interest. E & H claims that the interest calculations which account for approximately 75% of the $1,524 disallowed, and the interest research, were necessary to prepare the application and are properly compensable under *Nucorp*. Again E & H stretches *Nucorp* too far. The court did not abuse its discretion in disallowing those fees.

## CONCLUSION

The court properly disallowed fees incurred in opposing Crake's successful objection, interest on the fees and costs up to the date the fees and costs were awarded, and fees incurred related to the interest issue.