In re RIVERSIDE–LINDEN
INVESTMENT CO.,
Debtor.

Ralph O. BOLDT, Trustee; Estes
& Hoyt, Appellants,

v.

Kathryn CRAKE; Earl Hafer, Appellees.

No. 90–55479.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 1991.

Decided Sept. 30, 1991.

Kevin J. Hoyt, Estes & Hoyt, San Diego, Cal., for appellants.

John Forest Hilbert, Andersen, Goldberg & Waldron, San Diego, Cal., for appellees.

Before PREGERSON, BRUNETTI and NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant law firm Estes and Hoyt ("E & H") appeals the decision of the Bankruptcy Appellate Panel ("BAP") affirming the Bankruptcy Court's denial of attorney's fees. We have jurisdiction pursuant to 28 U.S.C. section 158(d) and affirm.

I.

E & H was hired by the Bankruptcy Trustee for debtor, Riverside–Linden Investment Company ("Riverside–Linden"), to assist in the sale of Riverside–Linden's property and in the liquidation and winding up of the estate. On December 30, 1987, E & H filed a final fee application which requested reimbursement for fees incurred (1) investigating an unopposed claim by the sole remaining creditor ("the Hafer claim") while the estate was solvent; (2) opposing a motion by Kathryn Crake ("Crake"), a partner in Riverside–Linden, to dismiss the case or compel distribution; and (3) investigating the history and formation of Riverside–Linden in preparing tax returns. The final application noted that the request assumed no objections to the application. In the event the application was contested, E & H requested leave to file a supplemental fee application.

Crake objected to the final fee application. The Bankruptcy Court sustained Crake's objections and denied fees incurred to investigate the Hafer claim, opposing Crake's motion to dismiss, and the tax return investigations. *See In re Riverside–Linden Inv. Co.,* 85 B.R. 107 (Bankr. S.D.Cal.1988). The BAP affirmed the Bankruptcy Court's decision, *see In re Riverside–Linden Inv. Co.,* 99 B.R. 439 (9th Cir. BAP 1989), and we affirmed in *In re Riverside–Linden Inv. Co.,* 925 F.2d 320 (9th Cir.1991) (per curiam) (*"Riverside–Linden I"*).

On May 26, 1988, E & H filed a supplemental fee application. The supplemental application sought $3418 in fees incurred opposing Crake's objection to the final fee application. The supplemental application also sought, for the first time, $6266.32 in interest on fees and costs from May 21, 1985, the date following the date the estate was invoiced, through June 15, 1988, plus $9.97 per day thereafter, and fees incurred in researching whether E & H was entitled to such interest and calculating the amount of the requested interest.

Crake objected to the supplemental application and the Bankruptcy Court sustained most of Crake's objections and disallowed fees incurred in opposing Crake's objection to the final fee application, for interest on fees prior to the date they were awarded, and fees incurred in determining whether it was entitled to interest and the calculations of such interest. *See In re Riverside–Linden Inv. Co.,* 89 B.R. 848, 849–50 (Bankr.S.D.Cal.1988). Although the BAP disagreed in part with the reasoning of the Bankruptcy Court, it affirmed in *In re Riverside–Linden Inv. Co.,* 111 B.R. 298 (9th Cir. BAP 1990) (*"Riverside–Linden II"*). E & H filed this appeal.

II.

We consider whether the Bankruptcy Court erred in disallowing fees incurred opposing unsuccessfully Crake's objection to E & H's final fee application and determining that interest on attorney's fees payable from the estate under 11 U.S.C. § 726(a)(5) accrues on the date the fees are awarded. We will not disturb a bankruptcy court's award of attorney's fees absent a finding that the court abused its discretion or erroneously applied the law. *Riverside–Linden I,* 925 F.2d at 322; *In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 (9th Cir.1985).

A. *Fees incurred opposing Crake's objection to the final fee application.*

Crake objected to E & H's final fee application on several grounds. The Bankruptcy Court sustained most of the objections and this court affirmed in *Riverside–Linden I.* It is the additional fees incurred by

E & H in its unsuccessful opposition to Crake's objection that we consider in this appeal. E & H argues that the fees were incurred preparing and presenting its fee application, and therefore compensable under *In re Nucorp Energy, Inc.*, 764 F.2d 655 (9th Cir.1985). We disagree.

In *Nucorp,* the Bankruptcy Court disallowed fees incurred by a law firm preparing and presenting to the court its unopposed fee application. We reversed. The starting point of our decision in *Nucorp* was 11 U.S.C. § 330(a)(1). This section permits a bankruptcy court to award attorneys

> reasonable compensation for actual, necessary services rendered ... based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a [bankruptcy] case.

11 U.S.C. § 330(a)(1). The *Nucorp* court found that fees incurred in the preparation and presentation of fee applications were "necessary" within the meaning of Section 330(a) because of the statutory requirement that the attorneys submit to the bankruptcy court a detailed accounting of all services rendered to the estate. 764 F.2d at 658–59 (citing 11 U.S.C. § 329(a), Fed.R.Bankr. 2016). Imposing such "substantial requirements on bankruptcy counsel" without compensating counsel for their compliance, *Nucorp* reasoned, would be "fundamentally inequitable." *Id.* at 659.

■ We are presented with facts entirely different from those before the *Nucorp* court. Here, the fees incurred preparing and presenting the final fee application were awarded to E & H by the Bankruptcy Court as *Nucorp* and Section 330(a) require. The fees at issue here are the additional fees incurred opposing Crake's objection to the fee application. Unlike the presentation and preparation of the fee application itself, there is no statutory or Bankruptcy Rule requirement that attorneys for the debtor oppose objections to the fee application. We agree with the BAP that "*Nucorp* does not provide a blanket allowance of fees for any and all services related to the fee application." 111 B.R. at 301.

As the BAP reasoned, permitting fees in this situation

> could encourage attorneys to assert meritless fee requests. Regardless of whether or not they were awarded the requested fees, the attorneys could recover fees incurred in opposing objection to the meritless request. Such a result is not contemplated by *Nucorp.*

*Id.* at 302.

We do not decide whether the litigation of a fee application under some other set of circumstances may be found necessary within the meaning of Section 330(a). We hold only that the Bankruptcy Court's denial of fees for expenses incurred by E & H in unsuccessfully opposing their final fee application was not an abuse of discretion. *See Riverside–Linden I,* 925 F.2d at 324.

**B.** *Interest on fees.*

■ When all claims against a Chapter 7 debtor have been paid, the surplus in the estate, if any, is to be paid out as interest to the claimants. 11 U.S.C. § 726(a)(5). A claim includes compensable attorney's fees payable from the estate under Section 330(a) of the Bankruptcy Code. *Id.* §§ 726(a)(1), 507(a)(1), 503(b)(2). Section 726(a)(5) provides that interest on claims accrues "from the date of the filing of the petition." *Id.* § 726(a)(5). For claims existing prior to the filing of the bankruptcy petition, a date-of-filing accrual date is appropriate and mandated under the plain language of the statute. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 5, *reprinted in* 1978 U.S.Code Cong. & Admin. News, 5787, 5883 (Section 726(a)(5) "provides that postpetition interest on prepetition claims is ... to be paid to the creditor"). For a claim to Section 330(a) attorney's fees arising subsequent to filing, however, a literal application of the statute makes little sense; "[i]nterest cannot accrue on fees for services which have not yet been performed," *Riverside–Linden II,* 111 B.R. at 303. *See, e.g., Bob Jones Univ. v. United States,* 461 U.S. 574, 586, 103 S.Ct. 2017, 2025–26, 76 L.Ed.2d 157 (1983) ("[i]t is a well-established canon of statutory construction that a court should go beyond the

literal language of a statute if reliance on that language would defeat the plain purpose of the statute"); *Bechtel Constr., Inc. v. United Bd. of Carpenters & Joiners,* 812 F.2d 1220, 1225 (9th Cir.1987) (statutes "should never be construed as establishing statutory schemes that are illogical, unjust, or capricious").

 E & H concedes that a date-of-filing accrual date for post-petition awards of attorney's fees could not have been intended by Congress, but argues that such interest accrues from the time the fees are invoiced. Crake contends that interest under Section 726(a)(5) should not accrue until the date the bankruptcy court awards the fees.[1] The Bankruptcy Court and BAP agreed with Crake. *See* 89 B.R. at 850, 111 B.R. at 303. The BAP reasoned:

> Since the [attorney's] fees and costs are not entitled to be treated as an administrative expense until the date the court awards the fees and costs, interest, which is paid under § 726(a)(5) based on the administrative expense status of the fees and costs, cannot begin to accrue until the date the court awards the fees and costs.

111 B.R. at 303.

 E & H argues that the BAP's reasoning is flawed because the attorney's fees are treated as administrative expenses from the time the attorney's employment is authorized under section 328 of the Bankruptcy Code. Section 328 provides that, with the court's approval, the trustee may employ an attorney "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a). The provision which defines attorney's fees as a compensable administrative expense, Section 503(b), refers to "compensation and reimbursement *awarded un-*

*der section 330."* 11 U.S.C. § 503(b)(2) (emphasis added). It is not until the fees have been awarded by the bankruptcy court pursuant to Section 330, therefore, that they become an administrative expense entitling them to treatment as a claim under Section 726(a)(5). *See id.* §§ 726(a)(1), 507(a)(1). We agree with the BAP and hold that interest on claims of attorney's fees awarded under section 330(a) accrues from the date they are awarded.

## III.

The Bankruptcy Court also disallowed fees incurred by E & H in determining whether it is entitled to interest under Section 726(a)(5) and the amount of such interest, 89 Bankr. at 850, and the BAP affirmed, 111 B.R. at 303. E & H failed to contest these findings in its opening brief, but argues in its reply brief that the research and calculations were necessary to prepare the fee application and therefore compensable under *Nucorp.*

 We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Industries, Inc.,* 797 F.2d 727, 738 (9th Cir.1986); *see also* Fed.R.App.P. 28(a)(2) (appellant's brief shall contain a "statement of the issues presented for review"). We have discretion to review an issue not raised by appellant, however, when it is raised in the appellee's brief. *Eberle v. City of Anaheim,* 901 F.2d 814, 818 (9th Cir.1990). Here, Crake states only, "[b]ecause E & H is not entitled to interest [the Bankruptcy Court's] ruling was proper. In any event, the fees charged were excessive." Brief of Appellee at 15. We do not believe this statement by Crake raises the issue suffi-

---

1. Crake also argues that the statutory language indicates that Section 726(a)(5) only applies to claims existing prior to the filing of the petition. Though the command that interest on a claim be paid "from the date of the filing of the petition" contemplates that the claim was in existence at the time the petition was filed, we do not construe the statute to exclude claims which arise after the filing. The statute provides that interest shall be paid "on *any* claim

under paragraph (1), (2), (3), or (4) of this subsection." 11 U.S.C. § 726(a)(5) (emphasis added). Paragraph (1) refers to claims specified in Section 507 of the Bankruptcy Code. Section 507 specifies certain administrative expenses, including attorney's fees of the kind sought by E & H. *See id.* §§ 507(a)(1), 503(b)(2), 330(a). Our reading of the statutes indicates that interest on claims of attorney's fees is permissible under section 726(a)(5).

ciently to warrant review. *See Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1332 (9th Cir.1981). By failing to raise the issue in its opening brief, E & H did not permit the issue to be "fully explored," *id.,* and we consider the issue waived.

AFFIRMED.