**In re William Dandridge MOTLEY, Debtor.**

**Bankruptcy No. 86–01649–R.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Dec. 24, 1992.

John Ames, Richmond, VA, Chapter 7 Trustee.

Gregg Nivala, Office of the United States Trustee, Richmond, VA, for U.S. Trustee.

---

MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the Comment of the United States Trustee to the Chapter 7 Trustee's Final Report and Proposed Distribution. At a hearing held on September 29, 1992, the United States Trustee objected to the Chapter 7 trustee's proposed distribution to himself of interest on his fee. By order entered October 20, 1992, this Court denied interest on the Chapter 7 trustee's fee. This Memorandum Opinion constitutes the findings of fact and conclusions of law which this Court stated at the conclusion of the hearing and sets out the Court's reasoning in denying the trustee's request for interest on his fee.

## FINDINGS OF FACT

On July 21, 1992, John Ames, the Trustee, filed the Trustee's Final Report ("TFR") and Proposed Distribution to Creditors in which he proposed a dividend to himself of the maximum trustee compensation of $29,441.73 and interest on this compensation in the amount of $9,277.35. *See* TFR, Trustee's Proposed Distribution, at 1. The trustee calculated his total fees and interest to be $38,719.08. Also on July 21, 1992, the United States Trustee ("U.S. Trustee") filed a Comment of the United States Trustee on Trustee's Final Report and Proposed Distribution. The U.S. Trustee noted in his comment that the TFR proposed to pay unsecured creditors a 100% dividend which includes interest on all claims during the pending of the case. However, he found that the proposed distribution to Ames exceeded the maximum amount allowable under 11 U.S.C. § 326(a).[1] According to the United States Trustee's calculations, the maximum fee § 326(a) allows in this case is $29,411.73, "payable after the trustee renders such services." Because the proposed distribution to Ames exceeded this amount, the U.S. Trustee objected to the distribution.

Ames filed a response to the U.S. Trustee's Comment on August 4, 1992, in which he alleged that the Office of the U.S. Trustee denied him an interim distribution in July 1991. Ames stated that in response to requests of the U.S. Trustee, he recalculated interest due on all claims pursuant to 11 U.S.C. § 726(a)(5), including interest on his own claim for trustee's fees. In his response, Ames argues the following: § 726(a)(5) provides for distribution of property of the estate in "payment of interest at the legal rate from the date of filing the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection." Paragraph (1) of § 726(a) allows for the distribution of property of the estate in payment of claims of the kind specified in § 507. Section 507 prioritizes eight different expenses and claims and gives first priority to "administrative expenses *allowed* under § 503(b)." 11 U.S.C. § 507(a)(1) (emphasis added.) Section 503(b) details the procedure providing for the allowance of administrative expenses and states that:

> After notice and a hearing, there shall be allowed administrative expenses, ... including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;
>
> .   .   .   .   .
>
> (2) compensation and reimbursement awarded under section 330(a)....

11 U.S.C. § 503(b)(1)(A) and (b)(2). Section 330(a) governs the compensation of officers and provides that after notice and a hearing, "and subject to §§ 326, 328, and 329," the court may award to a trustee reason-

---

**1.** Pursuant to 11 U.S.C. § 326(a) the Court may allow a trustee a commission as compensation for his services:

> **payable after the trustee renders such services,** not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000,

and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (emphasis supplied). *See* Comment of U.S. Trustee, ¶ 5.

able compensation for actual, necessary services rendered by such trustee. 11 U.S.C. § 330(a)(1).

Section 326 limits the reasonable compensation which the court may allow a trustee to a set formula based on all moneys disbursed to parties in interest, excluding the debtor. 11 U.S.C. § 326(a); *see* fn. 1, *supra*. Ames argues that "interest by definition awarded by statute is not compensation nor is it part of the compensation for services of the Trustee, and, therefore, compensation will not be exceeded." *See* Ames' Response at ¶ 8. Finally, Ames cites *Grant v. George Shuman Tire & Battery Co.*, 908 F.2d 874, 883 (11th Cir. 1990), for the proposition that interest on refunds to debtors implies that interest should be allowed on trustee's compensation. *See* Ames' Response at ¶ 11.

On September 29, 1992, this Court conducted a hearing on the U.S. Trustee's objection to the TFR. At the hearing Ames moved to reduce his request for interest from $9,277.35 to $1,177.64, plus $10. The U.S. Trustee alleged that Ames calculated interest from the date of the filing of the petition and argued that there is no provision in the Bankruptcy Code that provides for interest on Ames' compensation. The Court found that there was no provision in the Code for interest to be paid to Ames and denied Ames' request for interest. Ames objected to the order entered October 20, 1992, limiting his compensation to the maximum amount provided in 11 U.S.C. § 326(a) and disallowing the payment of interest on the trustee's commission. Ames filed a Notice of Appeal on October 29, 1992.

## CONCLUSIONS OF LAW

Section 726(a)(5) provides for distribution of property of the estate "in payment of interest at the legal rate from the date of the filing of the petition on any claim paid under paragraph (1), (2), (3), or (4) of this subsection" prior to any refund to the debtor. 11 U.S.C. § 726(a)(5). Section 726(a)(5) allows for payment of interest from the date of the filing of the petition, which is the alleged date from which Ames claims

interest on his commission. However, the Ninth Circuit points out that for a claim to § 330(a) attorney's fees arising subsequent to filing, a literal application of the statute makes little sense; "interest cannot accrue on fees for services which have not yet been performed." *Boldt v. Crake (In re Riverside—Linden Investment Co.)*, 945 F.2d 320, 323 (9th Cir.1991) (citing *Riverside—Linden II*, 111 B.R. 298, 303 (9th Cir. BAP 1990)). The Ninth Circuit also states that statutes "should never be construed as establishing statutory schemes that are illogical, unjust, or capricious." *Id.* (citing *Bechtel Construction v. United Board of Carpenters & Joiners*, 812 F.2d 1220, 1225 (9th Cir.1987)). Ames' reading of the Bankruptcy Code entitling him to interest on his fee establishes just such an illogical, unjust, and capricious statutory scheme.

The Ninth Circuit addresses the issue of interest on fees in *In re Riverside—Linden Investment Co.*, 945 F.2d 320, 323. In the *Riverside—Linden* case, the attorney for trustee requested interest from the date that the fees and costs were invoiced. The Court of Appeals notes that § 503(b), the provision which defines attorney's fees as a compensable administrative expense, refers to "compensation and reimbursement *awarded under section 330.*" 945 F.2d at 324 (citing 11 U.S.C. § 503(b)(2)) (emphasis in original). While finding that § 726(a)(5) might permit interest on certain administrative expenses such as the fees of the attorney for trustee in that case, the Court of Appeals agrees with the Bankruptcy Court and the Bankruptcy Appellate Panel that "since the attorney's fees and costs are not entitled to be treated as an administrative expense until the date the court awards the fees and costs, interest ... cannot begin to accrue until the date the court awards the fees and costs." *Id.* at 324; *In re Riverside—Linden Inv. Co. II*, 111 B.R. 298 (9th Cir. BAP 1990), *aff'g* 89 B.R. 848 (Bankr.S.D.Cal.1988). The court concludes that it is not until the fees have been awarded by the Bankruptcy Court pursuant to § 330 that they become an administrative expense entitled to treatment as a claim under § 726(a)(5). The Court of Appeals affirmed the Bankruptcy

Court's and the BAP's denial of interest on invoiced fees of the attorney for trustee. It is also to be noted that § 326 provides that the trustee's fees are payable after the services are rendered. In this instance the trustee's duties have not been concluded.

Although the case at bar concerns interest on the fees of the trustee, not interest on the fees of the attorney for trustee, the Ninth Circuit's analysis leads to the same result. Ames claims interest on a priority administrative expense for compensation just like the attorney for trustee in *In re Riverside—Linden*. 11 U.S.C. §§ 726(a)(5), 507(b)(1), 503(b)(2), 330(a). Section 726(a)(5) provides for interest on claims specified in § 507, which lists as a priority claim administrative expenses *allowed under § 503(b)*. 11 U.S.C. § 507(a)(1). Section 503(a) provides that "an entity may file a request for payment of an administrative expenses," and § 503(b)(2) requires notice and a hearing before allowing compensation and reimbursement of expenses under § 330(a). Section 331 allows a trustee to apply to the court at least every 120 days for allowance and disbursement of interim compensation. 11 U.S.C. § 331. Ames does not allege that he followed the procedure required by the Code for the granting of administrative expense status and the award of interim fees, or that this Court denied him interim compensation, prior to requesting interest on his fees.

As in the Ninth Circuit case of the attorney for trustee, Ames never filed a request for payment of an administrative expense as provided in § 503(a) until filing the TFR on July 21, 1992. This Court never awarded Ames any compensation and reimbursement under § 330, an award being required for administrative expense status, until the order entered October 20, 1992. According to the Ninth Circuit analysis, Ames never had an administrative expense upon which interest can accrue until the court awarded his fee by order entered October 20, 1992. Other courts have followed this reasoning in determining when interest on § 330(a) fees begins to accrue. *See e.g. In re Commercial Consortium of*

*California*, 135 B.R. 120, 127 (Bankr. C.D.Cal.1991); *In re Energy Cooperative, Inc.*, 95 B.R. 961, 966–68 (Bankr.N.D.Ill. 1988).

Ames contends without citing any authority that "interest by definition awarded by statute is not compensation" (Ames' Response at ¶ 8), but he fails to consider from what point in time such interest would be calculated. Even in the case Ames cites as authority for allowing interest on his fee, the court awarded interest to be paid on a previously *court-ordered* refund to the debtors. *See Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 883 (11th Cir.1990). Under the *Riverside—Linden* and the *Grant* cases, Ames' claim for fees could not accrue interest from the date of the filing of the petition as the TFR calculates, nor from the date Ames asked the U.S. Trustee for an interim distribution. Since Ames' administrative expense claim did not arise until October 20, 1992, were Ames entitled to interest at all under the Code, which this Court seriously doubts, such interest could only accrue from the date the Court entered the order approving the trustee's fees and costs. While the Ninth Circuit found that § 726(a)(5) in theory would pay interest on allowed attorney's fees, the court denied the interest requested. This Court notes that under the Ninth Circuit case, § 726(a)(5) would pay interest only on fee awards the payment of which for some reason was delayed. Under the usual procedure, § 330(a) compensation is paid soon after the award, in which case no interest would accrue.

Unlike the attorney for trustee in *Riverside—Linden*, whose compensation the Code does not fix by statute, Ames' request for fees must fall within the limits of § 326(a) which dictates the trustee's compensation. The limits that § 326(a) places on trustee commission distinguishes Ames' case from other cases in which courts have considered interest on claims. Case law interpreting § 326(a) strictly construes the restrictions on maximum compensation. It should not go unnoticed that the statutes allude to a maximum compensation level for services rendered by the trustee. Nothing precludes the U.S. Trustee or a

creditor from objecting to the requested maximum compensation or the Court in its independent responsibility from reducing that amount. The unambiguous language of § 326(a) places a maximum limitation on compensation for trustees and does not allow for any exceptions. *In re Orient River Investments, Ltd.*, 133 B.R. 729, 731 (Bankr.E.D.Pa.1991). In the *Orient River* case, the court examined substantial case law on the issue and concluded that the vast majority of courts construe the § 326(a) formula as the absolute maximum compensation allowable to a trustee. *Orient River*, 133 B.R. at 730. The court followed the majority view and awarded the trustee no more than maximum compensation that the formula allowed.

It appears to this Court that the formula fixing the § 326(a) compensation for trustee actually provides for the trustee to benefit from interest earned without a court award of fees. Section 326(a) calculates a trustee's fee based on the distribution to creditors. Assets remaining in the estate after payment of all claims allow for the payment of interest in those claims under § 726(a)(5). If the trustee pays § 726(a)(5) interest on claims, as Ames will do in this case, the trustee earns a fee on the interest paid on creditors' claims by virtue of the fee formula of § 326(a). Then allowing Ames' claim for interest on the fees provided by § 326(a) would amount to two bites of the apple and would result in a disincentive for trustees to distribute assets in a timely manner. Under Ames' reading of the Code and cases, a trustee could delay final distribution, as was done in this six-year-old case, allow the interest earned on assets converted to cash to accumulate in escrow, earn a fee on the distribution of those assets (which now include earned interest) in satisfaction of claims, and as part of his compensation petition for interest on his fee under § 726(a)(5). In contrast to Ames illogical, unjust, and capricious scheme, the Code fairly provides for the trustee to benefit from a commission earned from the payment of interest on claims of creditors.

A close reading of the statutes at issue reveals that § 726(a)(5) refers to the payment of interest on any *claim* paid under § 726(a)(1). 11 U.S.C. § 726(a)(5) (emphasis added). Section 726(a)(1) also refers to "payment of *claims* of the kind specified in § 507." 11 U.S.C. § 726(a)(1) (emphasis added). However, § 507(a) divides priorities into claims and *expenses.* Section 507(a)(1) deals specifically with administrative expenses, the subject of this appeal, and says nothing about the claims referred to in § 726(a)(1) and (a)(5). Clearly, § 726(a) would allow distribution of property of the estate to pay *claims*, and if paid at 100%, interest on those claims. But under close scrutiny, since § 726(a)(1) makes no mention of distribution of property of the estate to pay the *expenses* specified in § 507, and § 507(a)(1) refers only to administrative expenses, then the Code if followed blindly would not authorize distribution of property of the estate for the payment of administrative expenses, much less for the payment of interest on those expenses. This Court will not follow the dictates of that statutory analysis to deny payment of administrative expenses out of the property of the estate, for that would be an illogical, unjust, and capricious result in light of §§ 330 and 503(b), which provide for allowance and awards of compensation and to that extent are *claims* against the estate. However, for the reasons previously stated, a close reading of §§ 326(a), 330, 331, 503(b), 507(a), and § 726(a)(1) and (5) does not provide for the payment of interest on a trustee's fee as an administrative expense.

For the foregoing reasons, this court entered the order dated October 20, 1992, denying the trustee's claim for interest on his commission.