**In re Robert E. KELLER, Jr., and Cheryl E. Keller, Debtors.**

**Bankruptcy No. 89–6633–8P7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

May 21, 1996.

William D. Slicker, St. Petersburg, FL, for Robert E., Jr. and Cheryl E. Keller.

V. John Brook, Jr., St. Petersburg, FL, Trustee.

**ORDER ON UNITED STATES TRUSTEE'S OBJECTION TO PROPOSED DISTRIBUTION AND TO TRUSTEE COMPENSATION, APPLICATION OF TRUSTEE FOR COMPENSATION AND APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE FOR ATTORNEY FOR TRUSTEE**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an objection to the proposed Order Allowing Administrative Expenses, Authorizing Disbursements and Directing Payment of Dividends. The Objection is filed by Donald F. Walton, Acting United States Trustee (US Trustee).

The facts relevant to the Objection under consideration as they appear from the record are as follows:

Robert E. Keller, Jr. (Debtor) filed his voluntary Petition for Relief under Chapter 7 on September 18, 1989. In due course, V. John Brook, Jr. (Trustee) was appointed the Trustee in charge of the administration of

the Debtor's estate. The case was originally noticed as a no dividend case pursuant to F.R.B.P. 2002(e). However, ultimately assets were available for liquidation which were in fact liquidated by the Trustee. On January 23, 1995, the Trustee submitted his Preliminary Report for the US Trustee's review. On March 9, 1995, the US Trustee filed the Preliminary Report with the Court, together with the Trustee's Fee Application. On May 22, 1995, the Court issued Notice of the Preliminary Report and Notice of Surplus Funds which advised creditors of the availability of funds to pay dividends and of the opportunity to file proofs of claims.

The Trustee's Proposed Order Allowing Administrative Expenses, Authorizing Disbursements and Directing Payments of Dividends provides as follows:

| ADMINISTRATIVE EXPENSES | PRINCIPAL | INTEREST | TOTAL |
| --- | --- | --- | --- |
| John Brook, Trustee | $1171.25 | $573.10 | $1744.35 |
| John Brook, Attorney Fee | $1000.00 | $34.46 | $1034.46 |
| Clerk's Charges | $200.00 | | $200.00 |
| | | | |
| PRIORITY CLAIMS | | | |
| None | | | |
| | | | |
| UNSECURED CLAIMS | | | |
| Community Arts Chiropractic Clinic | $1254.23 | $613.71 | $1897.94 |
| Thelma Fudge | $5352.89 | $2619.21 | $7972.10 |
| Theresa Todd & Mutual insurance | $12,500 | $1044.17 | $13544.17 |
| | | | |
| SURPLUS TO THE DEBTOR | | | |
| None | | | |
| | | | |
| TOTAL | $21,478.37 | $4,884.65 | $26,363.02 |

As it appears from the foregoing, the Trustee in his Proposed Order of Distribution applied funds to pay interest on his commission paid pursuant to § 326 and to his fees for professional services rendered to himself. The surplus funds ordinarily would be returned to the Debtor pursuant to § 726(a)(6). The Trustee computed the interest on his commission from the date he was appointed. He computed the interest on his request for compensation for legal services from the date he filed his Fee Application.

The Objection filed by the US Trustee is directed to the propriety of paying interest on the Trustee's commission and on the attorney fees in a surplus case. In support of the U.S. Trustee's Objection is a long line of cases which held that trustees and other professionals are only entitled to interest in a surplus case from the date the Court enters an order awarding the fees, not from the date of the appointment or the date the professionals filed their Applications for Allowance. *In re Riverside–Linden Inv. Co.,* 945 F.2d 320 (9th Cir.1991) *aff'g In re Riverside–Linden Inv. Co.,* 99 B.R. 439 (Bankr. 9th Cir. BAP 1989); *In re Chiapetta,* 159 B.R. 152 (Bankr.E.D.Pa.1993); *In re Motley,* 150 B.R. 16 (Bankr.E.D.Va.1992); *In re Commercial Consortium of California,* 135 B.R. 120 (Bankr.C.D.Cal.1991). These decisions were based on the interpretation by the courts of the reference in the subclause which authorizes payment of interest on claims, § 726(a)(5), to claims paid under § 726(a)(1), which in turn refers to claims specified in § 507 and § 503(b). There is hardly any question that administrative expenses allowed pursuant to § 503(b) cannot be paid without court approval. Thus, no professional is entitled to any compensation until the court enters an order awarding the compensation sought as a cost of administration.

A literal interpretation of § 726(a)(5) produces uncontemplated results as to interest

allowable to attorneys and trustees, whose administrative expenses arise subsequent to filing. For instance, if the attorney for the Trustee is not employed until two years into the administration of the case it would, in effect, permit the attorney to earn interest on those fees when he did not perform any work. Equally, the Trustee would be encouraged to delay the administration of the estate to allow the accrual of interest in a surplus case.

Further, the Trustee had no cognizable right to payment upon his appointment, other than his entitlement to a statutory allowance of $60. It is conceivable that the Trustee could receive no allowance of fees, as his compensation is to be based solely on the amount he distributes to parties in interest. For this reason, the Trustee is not entitled to interest on his fees computed from the date of his appointment.

This Court is not unmindful that in the case of *In re Glados, Inc.,* Case No. 83–2049–8B7 (September 30, 1992), the Honorable Thomas E. Baynes, Jr., of this Court held that in a surplus case, the Trustee is entitled to compute the interest on his commission from the date of his appointment and on professional fees from the date the Application to be retained was filed. *Glados* was affirmed in the District Court, *sub nom. US Trustee v. Fishback,* Case No. 93–1905–CIV–T–23 (May 5, 1995). This decision is currently pending on appeal before the United States Court of Appeals for the Eleventh Circuit, Case No. 95–2849.

While this Court is in agreement with the position adopted by the US Trustee and sustains the Objection to the Proposed Distribution, it is appropriate to approve the proposed distribution to the allowed claims, but withhold any payment of interest to the Trustee, either on his commission or on his fee award, until the right to interest calculation urged by the Trustee is resolved by the Eleventh Circuit.

This leaves for consideration the determination of reasonable compensation to be awarded to the Trustee in his dual capacity. The record reveals that none of the funds available for distribution were the result of sales, other liquidation of estate assets, or litigation conducted by the Trustee. The only funds were from a settlement of a state court litigation accomplished by the non-bankruptcy attorney. The Fee Application of the Trustee fails to disclose any significant legal problems and the services rendered were limited to representing the estate's interest in the state court litigation. In light of the foregoing, this Court is satisfied that the Trustee's commission allowable under § 326 shall be $500.00 and the reasonable fee for his services as an attorney shall be $750.00.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED the objection to the proposed Order Allowing Administrative Expenses, Authorizing Disbursements and Directing Payment of Dividends filed by Donald F. Walton, Acting United States Trustee, be, and the same is hereby sustained in part and overruled in part. It is appropriate to approve the proposed distribution to the allowed claims, but withhold any payment of interest to the Trustee, either on his commission or on his fee award, until the right to interest calculation urged by the Trustee is resolved by the Eleventh Circuit. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee's commission allowable under § 326 shall be $500.00, and the reasonable fee for his services as an attorney shall be $750.00. It is further

ORDERED, ADJUDGED AND DECREED that the Trustee shall make distribution of all funds on hand in conformity with this Order, with the exception of the amount retained.

DONE AND ORDERED.