Joseph F. CREVIER, a natural person and as trustee of Crevier Trust, a trust, et al., Plaintiffs—Appellants,

v.

Helene SULLINGER, individually and in her capacity as trustee of the Helene Sullinger Trust, Defendant—Appellee.

No. 01–56359.
D.C. No. CV–99–01554–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2002.

Decided Feb. 4, 2003.

320

Before CANBY, GOULD and
BERZON, Circuit Judges.

MEMORANDUM *

Plaintiffs Joseph and Diane Crevier appeal the district court's denial of relief on their Truth–In–Lending Act (TILA) and usury claims, as well as the court's award of $100,000 in punitive damages in favor of defendant Helene Sullinger on her counterclaim for fraud. We affirm the judgment of the district court.[1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I.

There was sufficient evidence to support the district court's finding that the Creviers engaged in fraud. Under California law, fraud occurs when a party makes an intentional misstatement of a material fact that induces reasonable reliance. *Lazar v. Superior Court,* 12 Cal.4th 631, 49 Cal. Rptr.2d 377, 909 P.2d 981, 984 (1996). Sullinger testified that she would not have entered into the loan agreement with the Creviers had she known about the unrecorded reconveyance. There was ample evidence in the record indicating that the Creviers intentionally did not disclose the existence of the unrecorded reconveyance. Because Sullinger reasonably relied upon the Creviers' purposeful misrepresentation of a material fact in deciding to lend money to the Creviers, the district court correctly found that she was a victim of fraud.

## II.

The fraud was sufficient to support the district court's denial of relief to the Creviers for their TILA and usury claims on the ground of unclean hands. Under both federal and California law, one who has behaved inequitably or in bad faith is denied relief under the unclean hands doctrine. *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 841 (9th Cir. 2002); *Fireboard Paper Products Corp.,* 227 Cal.App.2d 675, 39 Cal.Rptr. 64, 97 (1964).

We need not address whether fraud against other creditors was demonstrated or whether, if given more opportunity, the Creviers could have refuted such a demonstration; the fraud against Sullinger was sufficient to support the district court's ruling.[2]

1. The request of the Creviers for judicial notice received by this Court on August 26, 2002, is ordered filed and is GRANTED.

2. The Creviers argue that the district court also should have applied the unclean hands

### III.

■ The district court did not err in concluding that Sullinger had sustained actual damages sufficient to support the award of punitive damages. *See Kizer v. County of San Mateo*, 53 Cal.3d 139, 147, 279 Cal.Rptr. 318, 806 P.2d 1353, 1357 (1991) (holding that a party cannot be awarded punitive damages unless that party has suffered actual damages). In the present case, the district court awarded "as actual damages on the Fraud cause of action, an amount equal to the reasonable attorney fees" incurred by Sullinger because of the cloud on her title created by the conduct of the Creviers.[3]

The Creviers contend that these attorneys' fees cannot support an award of punitive damages because they do not qualify as compensatory damages.[4] We need not address this question, because it is not crucial to the award of punitive damages that compensatory damages actually be awarded. So long as there has been an actual injury, the plaintiff need not be awarded compensatory damages in order to sustain a punitive damages award. *See McLaughlin v. Nat'l Union Fire Ins. Co.*, 23 Cal.App.4th 1132, 1164–65, 29 Cal. Rptr.2d 559 (1994). Indeed, an award of nominal damages is sufficient to support a punitive damages award in California. *See Kizer*, 53 Cal.3d at 147, 279 Cal.Rptr. 318, 806 P.2d 1353; *see also* Anno., 40 A.L.R.4th § 4 (1985).

There is no question in this case that Sullinger sustained an actual injury. As the district court pointed out, she was faced with a cloud on her title that endangered her interest in the property. She either had to endure that injury or sue to eliminate the cloud, with the attendant expense. Even if attorneys' fees were not able to be considered part of her damages, she would be entitled to nominal damages along with a clearance of title. Her injury is sufficient to support the punitive damages award.

■ The injury also was sufficiently substantial to support the size of the punitive damages award. The cloud on title endangered Sullinger's security interest in the property which, at a minimum, amounted to $147,000 (although the note and trust deed reflected $182,000). The punitive damages award of $100,000 was not disproportionate to Sullinger's actual injury.

Finally, there was sufficient evidence of the Creviers' wealth to sustain the $100,000 punitive damages award. The record reveals that the Creviers' sale of their home in 2001 netted them more than $600,000. Also, Sullinger testified that Ms. Crevier told her that the Creviers' home furnishings were themselves worth more than one million dollars. Thus, the district court had sufficient information concerning the Creviers' financial condition to award punitive damages, and the award of $100,000 was not excessive in light of that information.

doctrine to Sullinger, thus defeating her counterclaim. The Creviers, however, did not raise the unclean hands defense in district court and cannot raise it for the first time on appeal. *See, e.g., Tamen v. Alhambra World Inv., Inc.*, 22 F.3d 199, 205 (9th Cir.1994).

3. These damages, measured by attorneys' fees, were awarded only in connection with Sullinger's fraud counterclaim.

4. In their reply brief, as part of their argument that punitive damages were improperly awarded, the Creviers assert that the district court erred in awarding attorneys' fees for the fraud claim. Because this contention was not raised in the opening brief, it was waived. *See In re Riverside–Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir.1991). We accordingly decline to address it.

## IV.

For the foregoing reasons, the judgment of the district court is hereby

**AFFIRMED.**