**In re Willadeen REED, Debtor.**

**No. 99–50598–RLJ–7.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

May 16, 2003.

Max Ralph Tarbox, Law Offices of Max R. Tarbox, Lubbock, TX, for Chapter 7 Trustee.

Erin Marie Schmidt, Dallas, TX, United States Trustee.

### MEMORANDUM OPINION

ROBERT L. JONES, Bankruptcy Judge.

Before the court is Trustee's Final Report, Application for Compensation and Report of Proposed Distribution (the "Final Report"), filed December 27, 2002. The United States Trustee ("UST") filed an objection on January 6, 2003. The UST objects on the ground that the Final Report proposes to pay interest on administrative claims from the date of filing of the petition.

Willadeen Reed filed this Chapter 7 case on May 14, 1999. Max R. Tarbox (Trustee) was appointed Chapter 7 Trustee of the estate immediately thereafter. After disbursing $2,933.26 for certain administrative expenses, the Trustee currently has $42,747.02 to distribute to the estate's creditors. These funds are sufficient to pay all such creditors and to distribute a proposed $10,702.47 to the Debtor. Thus, this is a surplus case.

At issue is the Trustee's proposal to pay interest on administrative claims which the Trustee argues is mandated in surplus cases by section 726(a)(5). Namely, the Trustee proposes to make the following interest payments: $295.55 on the Trustee's fees; $30.01 on the Trustee's expenses; $92.59 on the Trustee's attorney's fees; $3.74 on the Trustee's attorney's expenses; and $51.47 on the Trustee's accountant's fees.[1]

The dispute concerns the date on which interest begins to accrue. The Trustee proposes to pay interest from the date of the petition. The UST agrees that administrative expenses are entitled to interest under section 726(a)(5), but contends that such interest cannot accrue from the petition date. The UST argues that accruing interest from the petition date leads to an absurd result, and one unintended by Congress, as it allows the accrual and payment of interest on a claim for a time period before which such claim exists. Rather, the UST contends that interest should accrue from the date of allowance of the claim. The Trustee counters with the argument that section 726(a)(5) is clear and unambiguous, and that, as such, the court is bound to follow its dictates.

## Discussion

Most courts that have addressed the issue of interest on administrative claims (particularly interest on the trustee's compensation) in a surplus case generally agree that interest is payable pursuant to section 726(a)(5), but disagree, as in this case, over when such interest begins to accrue. The majority of courts hold that interest begins to accrue as of the date of the trustee's fee award, while the minority view holds that interest begins to accrue as of the date of the filing of the petition. *Compare, e.g., U.S. Trustee v. Fishback (In re Glados Inc.)*, 83 F.3d 1360 (11th Cir.1996); *Boldt v. Crake (In re Riverside–Linden Inv. Co.)*, 945 F.2d 320 (9th Cir.1991), *with, e.g., In re Smith*, 267 B.R. 770 (Bankr.W.D.Tex.2001); *In re Vogt*, 250 B.R. 250 (Bankr.M.D.La.2000).

*Minority View*

The minority view results from following the statutory trail and applying the plain language of the applicable provisions. In a surplus case, section 726(a)(5) provides for "payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1) ...." 11 U.S.C. § 726(a)(5) (2002). Paragraph (1) includes "claims of the kind specified in ... section 507." § 726(a)(1). Section 507 provides for "administrative expenses allowed under section 503(b)." § 507(a)(1). Section 503(b), in turn, allows an administrative expense for "compensation and reimbursement awarded under section 330(a)." § 503(b)(2). Section 330 authorizes the court to award to a trustee "reasonable compensation for actual, necessary services rendered ... [and] reimbursement for actual, necessary expenses."

---

1. The Final Report also proposes to pay $112.46 to the Internal Revenue Service for 2001 taxes and $1.66 to the Internal Revenue Service on late fees for 2001 taxes. However, the Trustee and the UST announced to the court that they had agreed that no interest would be paid on these tax claims. The court is unaware whether the Internal Revenue Service has been advised of such agreement.

§ 330(a)(1)(A)-(B). An award under section 330(a) is additionally subject to section 326, which caps the trustee's compensation by limiting the trustee's recovery to a specified percentage of funds disbursed to the estate's claimants (excluding the debtor). § 326(a).

The minority view holds that section 726(a)(5) simply means what it says: interest must be paid from the date of the filing of the petition on the trustee's compensation and expenses. The minority cites to unassailable case law for the proposition that a court is not free to ignore the plain unambiguous meaning of a statute. *See, e.g., In re Smith,* 267 B.R. at 771 (citing *United States v. Ron Pair Enters. Inc.,* 489 U.S. 235, 242–43, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989)); *In re Vogt,* 250 B.R. at 258 n. 11 (citing *Hartford Underwriters Ins. Co. v. Union Planters Bank,* 530 U.S. 1, 6, 120 S.Ct. 1942, 1947, 147 L.Ed.2d 1 (2000)) ("Congress says in a statute what it means and means in a statute what it says").

*Majority View*

The majority of courts, including the only two circuit courts to have addressed this issue, disagree with the minority's straight forward statutory interpretation. *See, e.g., U.S. Trustee v. Fishback (In re Glados Inc.),* 83 F.3d 1360, 1366 (11th Cir.1996); *Boldt v. Crake (In re Riverside–Linden Inv. Co.),* 945 F.2d 320, 323–24 (9th Cir.1991); *In re Brown,* 190 B.R. 689, 691 (Bankr.M.D.Fla.1996); *In re Chiapetta,* 159 B.R. 152, 159–60 (Bankr. E.D.Pa.1993); *In re Motley,* 150 B.R. 16, 19 (Bankr.E.D.Va.1992).

The majority finds that a strict application of section 726(a)(5), which directs the payment of interest from the date of the filing of the petition, allows, in effect, the accrual of interest on fees for services "which have yet to be performed." *In re Riverside–Linden Inv. Co.,* 945 F.2d at 323. *Accord In re Brown,* 190 B.R. at 691. Section 726(a)(5) provides for payment of interest on "any claim *paid* under paragraph (1) ...." 11 U.S.C. § 726(a)(5). A trustee, according to the majority, has no claim until the court awards compensation. *See In re Riverside–Linden Inv. Co.,* 945 F.2d at 324; *In re Chiapetta,* 159 B.R. at 159–60; *In re Motley,* 150 B.R. at 19. This conclusion arises from section 503, which allows an administrative claim for "compensation and reimbursement *awarded* under section 330(a)." 11 U.S.C. § 503(b)(3) (emphasis added). The claim, therefore, does not arise until it has been "awarded." *See In re Riverside–Linden Inv. Co.,* 945 F.2d at 324 ("It is not until the fees are awarded by the bankruptcy court ... that they become an administrative expense").

The other major argument advanced by the majority concerns section 326, which sets the maximum compensation that a court may award a trustee as a percentage of the funds distributed by the trustee. 11 U.S.C. § 326(a). If a trustee is awarded compensation in the maximum amount allowed under section 326, permitting the trustee to receive interest on such award would cause his total compensation to exceed the statutory maximum. *See In re Glados Inc.,* 83 F.3d at 1365 ("there is no mention of the accrual of interest in § 326(a)"); *In re Motley,* 150 B.R. at 19–20.

*The Court's View*

The court cannot fully agree with either the majority or the minority view. The court does agree, however, that the analysis begins with section 726(a)(5), which, in a surplus case, directs the payment of interest at the legal rate from the date of filing of the petition on any claim paid under paragraph (1) of section 726(a). 11 U.S.C. § 726(a)(5). Paragraph (a)(1) refers to payment of section 507 *claims,*

"*proof of which is timely filed under section 501.*" § 726(a)(1) (emphasis added). As section 507(a)(1) refers to *administrative expenses* under section 503(b) (which also addresses *administrative expenses*), while section 507(a)(2)-(9) specifically refers to different types of *claims,* the question raised is whether section 727(a)(1) authorizes the payment of an *administrative expense* as opposed to a *claim.* The bankruptcy court in *In re Motley,* upon review of this language, concluded the statute precludes the payment of interest on the trustee's compensation. *In re Motley,* 150 B.R. at 16. The court is convinced, however, that the Code's reference to administrative "expenses" is not exclusive of the term "claim." In fact, section 726(b), which directs the pro rata payment of claims within the same class, refers to "a claim allowed under section 503(b)." 11 U.S.C. § 726(b). The bankruptcy court in *In re Vogt* provides several other examples from the Code where reference is made to administrative "claims" under sections 507(a)(1) and 503(b). *In re Vogt,* 250 B.R. at 268–69.

However, the section 507 claims to be paid under section 726(a) are further qualified as those claims for which proof "is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section ...." 11 U.S.C. § 726(a)(1). Section 501 addresses the filing of a proof of claim by a "creditor." § 501. The Code defines a creditor as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor ...." § 101(10).

The claims of the Trustee, his attorney, and accountant for compensation and expenses arose during the pendency of the Chapter 7 proceeding and thus after the order for relief. They do not, therefore, constitute claim-filing creditors. In fact,

section 503(a) provides the mechanism for establishing and obtaining payment on such administrative expense claims. The court, then, must conclude that the Trustee, his attorney, and his accountant do not represent the holders of claims intended to be paid under section 726(a)(1). Their fees and expenses are approved and regulated by sections 330 and 326 of the Code; their priority is established by section 507 of the Code; and their payment is authorized by section 503(a) of the Code. If not paid pursuant to section 726(a)(1), they cannot be claims on which interest is paid under section 726(a)(5).

### Conclusion

For the foregoing reasons, the court denies the payment of interest under section 726(a)(5) of the Bankruptcy Code on fees and expenses of the Trustee, Trustee's counsel, and the Trustee's accountant. As the Trustee and the UST have reached agreements concerning other issues raised by the Final Report, the court directs that the Trustee and the UST confer and submit an appropriate order, consistent with this Memorandum Opinion, that addresses all issues raised by the Final Report and the UST's objection to the Final Report.