In re Gerald BROWN, Jr. and Karen Brown, Debtors.

Bankruptcy No. 92–5805–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 10, 1996.

Richard V. Ellis, Sarasota, FL, David Steen, Tampa, FL, for debtors.

V. John Brook, Jr., Trustee, St. Petersburg, FL.

Harry Haskins, Sarasota, FL, for trustee.

T. Patrick Tinker, Tampa, FL, for U.S. trustee.

## ORDER ON UNITED STATES TRUSTEE'S OBJECTION TO PROPOSED DISTRIBUTION AND TRUSTEE COMPENSATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is an Objection filed by the United States Trustee challenging the "Proposed Distribution and Trustee Compensation." In his Proposed Distribution, the Chapter 7 Trustee, V. John Brook, Jr. ("Trustee"), seeks to pay, as part of the distribution, interest on his commission accruing from the date of his appointment and interest on fees allowed to special counsel for the Trustee, Harry Haskins ("Haskins"), accruing from the date of his fee application.

In his objection, the United States Trustee does not object to the fees sought, only the entitlement of the Chapter 7 Trustee and Haskins to interest on their fees. The facts which are relevant to the resolution of the matter under consideration as they appear from the record of this case are as follows:

This chapter 7 case was commenced by voluntary petition filed by Gerald Brown, Jr. and Karen Brown ("Debtors"), on April 28, 1992. The Trustee, having concluded that no assets were available for administration, filed a Report of No Distribution on June 4, 1992, and requested to be discharged from any further duties. In due course, the Debtors received their discharge and the case was closed by Final Decree entered on November 18, 1992. After the close of the case, the Trustee discovered that the Debtors were involved in state court litigation as plaintiffs seeking a money judgment based on a personal injury claim. The Debtors had not scheduled a possible settlement of this state court action as an asset. The Trustee, on February 16, 1994, filed a Motion to Set Aside the Decree and sought an order to open the case for further administration. The Motion was granted.

The Trustee was substituted as the plaintiff in the pending lawsuit and sought authority to employ Haskins as special counsel for

the estate. Immediately thereafter, the Trustee filed a Motion to Approve a Compromise in the lawsuit for $12,000. The Debtors objected and this Court sustained the objection and denied the Motion without prejudice. A Second Motion to Compromise, filed on August 30, 1994, was approved, and ultimately recouped $30,000 for the estate.

On November 4, 1994, Haskins filed a motion seeking an allowance of attorneys' fees and costs. By order dated April 6, 1995, this Court granted the Motion and allowed Haskins, as special counsel, the sum of $13,-505.05.

Having determined that after payment of all claims a surplus would be available, a Notice of Surplus Funds was sent to all parties in interest, notifying them of the surplus and setting a bar date for proof of claims.

The Trustee prepared and submitted his Proposed Distribution and Trustee Compensation which provided that after the payment of all claims in full, the surplus funds should be used to pay interest to the Trustee in the case and Haskins on his fee pursuant to § 726(a)(5) of the Bankruptcy Code, and to the general unsecured creditors. Specifically, the Trustee seeks an award of $828.92 in fees and $128.86 in interest, as of the date of his appointment. Haskins seeks an additional allowance of $307.24 in interest, accruing on the fee award from the date of his Fee Application.

The United States Trustee objected to the calculation of interest as it provided for the Trustee to get interest from the date of his appointment and Haskins, as a professional, to get interest from the date his fee application was filed. The U.S. Trustee contends that trustees and other professionals are entitled to interest only from the time such fees and expenses are allowed by the Court. In support, the Trustee relies on *In re Glados, Inc.*, Case No. 83–2049–8B7 (September 30, 1992), which was originally decided by the Honorable Thomas E. Baynes, Jr., of this Court and affirmed by the District Court on March 4, 1995, *sub nom. U.S. Trustee v. Fishback*, Case No. 93–1905–CIV–T–23 (May 5, 1995). The District Court's decision is currently on appeal to the United States

Court of Appeal for the Eleventh Circuit, Case No. 95–2849. In *Fishback*, the District Court stated that the term "claim" should not be narrowly construed to prevent the fees of the Trustee and other professionals from accruing interest until approved by a court order. Rather, the term "claim" as defined by § 101(5)(A) should be given its broadest possible definition so that a trustee has an unliquidated "claim" upon his appointment. Thus, in this case, the trustee has an allowable claim, charged as a cost of administration, and is entitled to interest in the surplus from the date that he was appointed. As to other professionals, the District Court held that under a broad reading of the term "claim," they are also entitled to receive interest, but only from the date of filing of Fee Applications. However, since *Glados*, nor its appeal decision, *Fishback*, is published, they are not binding precedent.

In this Court's view, the District Court's analysis is an oversimplification of the law. Section 326(a) of the Bankruptcy Code sets limitations on the amount of compensation to the trustee based on the total distribution made to the creditors. This provision as amended in 1994 now provides:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Nothing in this section provides for the accrual of interest. The percentages are the maximum which prohibit any award in excess of the cap set by this section.

In light of the fact that the allowance is sought to be charged as a cost of administration, this Court must consider § 503(b) of the

Bankruptcy Code which permits the allowance of administrative expenses. Section 503(b) provides that:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case;

This in turn, brings into consideration § 507(1)(a) of the Bankruptcy Code which accords the first priority in payment to administrative expenses allowed under § 503(b). The scheme of distribution set forth in § 726(1) provides that the costs of administration as defined by § 507 are to be paid first. Section 726 then states the priorities in the order they must be paid. Most importantly, it states that all senior claims must be paid in full. Section 726(a)(5) provides for:

fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection;

Thus, in a case of surplus, all previous priorities are entitled to earn interest from the date of the filing of the petition. For claims which arose prior to the date of filing the petition, the date of filing is appropriate for the computation of interest.

A literal interpretation of § 726(a)(5) produces uncontemplated results as to interest allowable to attorneys and trustees, whose administrative expenses arise subsequent to filing. For instance, if the attorney for the trustee is not employed until two years into the administration of the case it would, in effect, permit the attorney to earn interest on those fees when he did not perform any work. Equally, the trustee would be encouraged to delay the administration of the estate to allow the accrual of interest in a surplus case.

Though no bad faith is alleged, this concern is particularly true in the present instance. During the original administration of the case the Trustee did not dispense any funds to creditors. Thus, his commission could have been limited to the statutory minimum of $60 out of the filing fee provided for in Section 330(b)(1) and the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 117. The Trustee's services in the second administration were limited to a Motion to Approve a Compromise for $12,000 which was negotiated prior to the reopening of the case. The Motion was objected to and denied. A Second Motion to Compromise ultimately brought $30,000 into the estate. Now the Trustee is seeking to earn interest for the forty-one months that have passed from the date of his appointment, though the case was closed for fifteen of those months.

▪ Apart from this Court's disinclination to allow the maximum compensation to the Trustee for services rendered in this case, the fact remains that an order has yet to be entered to allow the Trustee any compensation. Thus, he has no claim as defined by § 101(5)(A) of the Bankruptcy Code. Common sense dictates that one can not earn interest when no principal exists. Upon the Trustee's appointment, he had no cognizable right to payment, other than his entitlement to a statutory allowance of $60. It is conceivable that the Trustee could receive no allowance of fees, as his compensation is to be based solely on the amount he distributes to parties in interest. For this reason, the Trustee is not entitled to interest on his fees computed from the date of his appointment.

▪ The request for interest by the Special Counsel, Haskins, is different as once a professional files a fee application, there is evidence of work performed. However, attorneys' fees are not entitled to be treated as a compensable administrative expense pursuant to § 503(b)(2), until compensation is "awarded under section 330(a)." 11 U.S.C. § 503(b)(2). (emphasis supplied). It follows that interest paid under § 726(a)(5) on claims of attorneys' fees awarded under § 330(a), can accrue only from the date the court awards the fees. *In re Riverside–Linden Inv. Co.,* 945 F.2d 320, 324 (9th Cir.1991). Thus, Haskins' request of interest from the date of his fee application is not appropriate. He may receive interest from April 4, 1995,

the date that fees and costs were allowed by Order of this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection is sustained in part and overruled in part. The Application is approved as to the Trustee's fees and expenses. However, interest arising from surplus funds calculated from the date of the Trustee's appointment is disallowed. The request for interest calculated from the filing of Haskins' fee application is disallowed. Haskins may receive interest on his fees allowed from April 4, 1995.

DONE AND ORDERED.