105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re LCO ENTERPRISES, INC., Debtor.
Lincoln ALVARADO, a California limited partnership,
Patrician Associates, Inc., a California
corporation, and LPC Alvarado Phase II,
Plaintiffs-Appellants,
v.
Edward M. WALSH, Trustee, Defendant-Appellee.
 No. 95-15934.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1996.
Decided Jan. 7, 1997.
 
 Before: WOOD, JR.,* SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 After successfully defending a lawsuit brought by defendant-appellee Edward Walsh, the trustee in bankruptcy for LCO Enterprises, Inc. ("LCO"), see Alvarado v. Walsh (In re LCO Enters.), 12 F.3d 938 (9th Cir.1993) ("LCO I ") plaintiffs-appellants (collectively "Lincoln Alvarado") moved to recover attorney fees. The Bankruptcy Court denied the motion, and Alvarado appealed to the Bankruptcy Appellate Panel of the Ninth Circuit, which affirmed the Bankruptcy Court on the grounds that an attorney fee clause contained in the lease did not apply to the litigation and that the American Rule of attorney fees prevented their recovery in this case. Lincoln Alvarado v. Walsh (In re LCO Enters., Inc.), 180 B.R. 567 (9th Cir. BAP (Cal.), 1995). Alvarado appeals, and we affirm.
 
 I.
 
 3
 We review a bankruptcy court's decisions to award or deny attorney fees for abuse of discretion and erroneous application of law. Boldt v. Crake, (In re Riverside-Linden Inv. Co.), 945 F.2d 320, 322 (9th Cir.1991). We affirm findings of fact unless they are clearly erroneous and we review the bankruptcy court's rulings of law de novo. United States v. Battley (In re Kimura ), 969 F.2d 806, 810 (9th Cir.1992), (citing Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.), 761 F.2d 1374, 1377 (9th Cir.1985)). However, in a dispute over attorney fees, "[i]f the [original] court applied the correct legal standard ... both the decision to award fees and the amount of fees to be awarded are reviewed for an abuse of discretion." Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992), (citing Perry v. O'Donnell, 759 F.2d 702, 704 (9th Cir.1985)).
 
 II.
 
 4
 The Bankruptcy Appellate Panel concluded that the attorney fees clause in the lease did not cover the preferential treatment litigation and neither the American Rule nor Section 365 of the Bankruptcy Code allowed an attorney fee award in this case. Lincoln Alvarado contends that: (1) the attorney fee clause does apply to the costs of defending the prior preferential treatment litigation; (2) California law must be used to interpret the lease, and California requires a broad application of an attorney fee clause, extending it to any litigation involving the contract; (3) federal law applies attorney fee clauses broadly to matters involving the contract, even if they arise under federal law; and (4) under bankruptcy law, the assumption of the lease made all of its terms, including the attorney fee provision, applicable to the bankruptcy estate.
 
 
 5
 The Supreme Court explained the American Rule regarding attorney fees in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975). The rule states that each party to a lawsuit must generally bear his or her own costs; in other words, the prevailing litigant cannot collect attorney fees from the losing litigant. All federal courts use this rule unless one of five specific exceptions to the rule applies. These five exceptions are: (1) statutory, when Congress specifically provides in a statute that the prevailing litigant is entitled to attorney fees; (2) contractual, when a contract provision allows for attorney fees in litigation on the contract, but only when the decision is based on state law; (3) when a litigant purposely disobeys a court order; (4) when a losing litigant has acted in bad faith; and (5) when a litigant recovers a common fund that benefits others. See Alyeska, 241 U.S. at 258; F.D. Rich v. United States ex rel Industrial Lumber Co., 417 U.S. 116, 126 (1974); United States ex rel Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989).
 
 
 6
 After examining these five exceptions in the light of this case, it is clear that only the second, the contractual exception is conceivably applicable. The lease LCO and Lincoln Alvarado signed contained a provision stating that in any litigation to enforce or declare rights under the provisions of the lease, the losing party must pay the prevailing party's reasonable attorney fees. Lincoln Alvarado argues vigorously that because LCO and the bankruptcy estate have assumed the lease containing that provision, the attorney fee clause must apply to this situation and be enforced.
 
 
 7
 This court discussed the contractual exception to the American Rule in Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149 (9th Cir.1991). There, the court stated that
 
 
 8
 [w]here a contract or statute provides for an award of attorneys' fees, a creditor may be entitled to such fees in bankruptcy proceedings. Such an award is governed by state law. However, where the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorneys' fees will not be awarded absent bad faith or harassment by the losing party.
 
 
 9
 Id. at 1153 (citations omitted). Here, the lease provides for an attorney fee award. Before enforcing it, we must decide whether the issues litigated in LCO I primarily involved interpreting the lease ("basic contract enforcement"), or whether they involved federal bankruptcy law.
 
 
 10
 Lincoln Alvarado argues that LCO I was, at heart, a case about enforcing the lease between it and LCO. It focuses on the fact that this court held in Lincoln Alvarado's favor when the court concluded that the bankruptcy estate had assumed and was bound by the lease. Lincoln Alvarado reasons that because the court held that the estate was bound, it merely enforced the provisions of the lease, and consequently, the attorney fee provision of the lease should also be enforced.
 
 
 11
 An examination of LCO I reveals that the court's reasoning involved something other than the construction or interpretation of the terms of the lease. The court considered several provisions of the Bankruptcy Code, namely Sections 547(b) and 365(b), and concluded that the estate had actually assumed the lease. LCO I, 12 F.3d at 941-42. At no time did the court consider the actual terms of the lease. The only relevant facts regarding the lease were that it existed on the date of bankruptcy, that after rewriting the lease, the parties sent a disclosure statement and plan to LCO's creditors, and that the bankruptcy court approved the plan. Id. at 943-944. These facts and the relevant Code provisions, not the lease itself, led the court to the conclusion that the estate had assumed the lease and could not demand repayment of the earlier rents as preferences. In addition, at no time did the court state that it was enforcing the lease. Id. at 941-42. Because the facts showed that the estate had assumed the lease, Lincoln Alvarado did not have to return the $92,007.46 in rental payments. However, because the court stated that the bankruptcy estate had had the option, in the beginning, to reject the lease, it is hard to argue that it was actually enforcing the lease's terms. Thus, although the underlying reason for the litigation in LCO I was the lease and the rental payments, Lincoln Alvarado's argument that the litigation and the LCO I decision "involved" and "enforced" the lease must fail.
 
 
 12
 In order for the contract exception to the American Rule to apply, Lincoln Alvarado must also show that state law was the basis for LCO I. This argument also fails. Lincoln Alvarado argues that because a lease is involved, we must use state law to interpret it, and California law provides that leases containing attorney fee provisions are to be interpreted broadly and applied to any litigation involving the lease. But although the LCO-Alvarado lease was the subject of the preference litigation and the LCO I opinion, the LCO I court used federal bankruptcy law to make its decision. It did not consider state law at all; as noted above, it was not necessary for the court to interpret or even consider the actual provisions of the lease, so it did not need to refer to California law. Thus, the contract exception to the American Rule does not apply in this case. By contrast, our recent opinion in Heritage Ford v. Baroff (In re Baroff ), --- F.3d ---- (9th Cir.1996), reversed the district court's denial of attorney fees, because the case involved a settlement agreement which the district court interpreted using California law. Because the settlement agreement contained an attorney fee clause and the court's decision turned on state law, the contract exception to the American Rule applied and the attorney fee clause contained in that contract was enforceable. Id.
 
 
 13
 Lincoln Alvarado next asserts that federal law does allow attorney fees in cases where a contract provides for them. It cites United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989) for the rule that federal courts must enforce attorney fee clauses and can enforce a contractual attorney fee clause even in litigation based on federal law. Callahan does not support Lincoln Alvarado's contention. Callahan was a case involving the Miller Act, 40 U.S.C. §§ 270a-270d (1982), which uses state law to interpret contracts and subcontracts in cases where the United States is not a party. Callahan, 884 F.2d at 1185. Many states' laws enforce fee-shifting contract provisions, and when federal courts must use state law to interpret contracts, the federal courts can validly enforce those contract provisions consistent with the American Rule. But federal bankruptcy law applied to this case does not involve state law. There is no reason to look to California law to interpret this lease, and so the American Rule remains a bar to Lincoln Alvarado's claims.
 
 
 14
 In its final argument, Lincoln Alvarado maintains that when the bankruptcy estate assumed the lease, the lease was taken "out of" the bankruptcy estate. Consequently, it claims, the attorney fee provision is binding on the estate: by assuming the lease, the estate "assumed" the attorney fee provision as well, and must now abide by it. However, we agree with the Bankruptcy Appellate Panel that because the purpose of this litigation was not to enforce the lease, we cannot enforce the attorney fee clause in this situation. In essence, regardless of whether the American Rule applies, the attorney fee clause was not applicable to this particular case. Lincoln Alvarado's recovery in LCO I depended solely on bankruptcy law, not the enforceability of the lease.
 
 
 15
 While Lincoln Alvarado is correct that the assumption of a lease renders all of its provisions binding on the bankruptcy estate, Cukierman v. Mechanics Bank of Richmond (In re J.F. Hink & Son ), 815 F.2d 1314 (9th Cir.1987), this present case can be distinguished from the cases supporting that rule. For example, in Cukierman, the court actually construed and enforced a lease provision allowing the landlord to set a new, higher rent amount. The court considered only one provision of the Bankruptcy Code and ruled that it did not apply to the case. Id. at 1317-18. Because the litigation involved the lease and the Cukierman court enforced the lease term, it made sense to award attorney fees. In addition, the interpretation of a lease is a state law concern; therefore, attorney fee awards are reasonable in such cases. By contrast, in LCO I this court was concerned not with the lease provisions but with the question of whether the bankruptcy estate had assumed the lease. That involved the application of bankruptcy law, not an interpretation of the lease.
 
 III.
 
 16
 The Bankruptcy Appellate Panel properly affirmed the Bankruptcy Court's denial of Lincoln Alvarado's motion for attorney fees. No exception to the American Rule, which requires that each litigant pay his or her own expenses, applies. While the case does concern a lease, this court, in finding in Lincoln Alvarado's favor in the earlier litigation, did not interpret or enforce it. Federal bankruptcy law, not the lease provisions, was the basis for the lawsuit and the decision; therefore, the federal American Rule must apply. The decision is AFFIRMED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3