129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: RODERICK TIMBER COMPANY, Debtor.
Steven R. LEVY, Plaintiff-Appellant,
v.
UNITED STATES TRUSTEE; Citifor Inc.; Philip Roderick;
Sonja Roderick, Defendants-Appellees.
 No. 96-36143.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Sept. 10, 1997.
Decided Oct. 30, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington Franklin D. Burgess, District Judge, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Bankruptcy trustee Steven Levy appeals the denial of compensation from the estate for the cost of special counsel's defense of his fee award. We affirm.
 
 
 5
 The bankruptcy court awarded trustee fees to Chapter 7 trustee Levy. Creditors appealed and the court approved employment of special counsel to defend the fee award. The court specifically reserved the issue of whether counsel would be paid out of estate funds or by Levy personally. The creditors prevailed on appeal. The court found that special counsel's services were reasonable and were a necessary expense to be incurred by the trustee, but did not qualify as an administrative expense to be paid from the bankruptcy estate because they benefited only the trustee, not the estate.
 
 
 6
 Levy appealed and the district court denied his appeal, noting that Ninth Circuit precedents require that services be of benefit to the estate to be compensable from the estate. Levy appeals.
 
 
 7
 This court reviews de novo a district court decision on a bankruptcy court appeal. In re Sternberg, 85 F.3d 1400, 1404 (9th Cir.1996). Like the district court, we review a bankruptcy court's award or denial of attorney fees for an abuse of discretion or an erroneous application of the law. In re Lazar, 83 F.3d 306, 308 (9th Cir.1996).
 
 
 8
 Whether compensation for attorney fees is available from the estate is determined under Bankruptcy Code Section 330[1] which provides in relevant part:
 
 
 9
 [T]he court may award ... reasonable compensation for actual, necessary services rendered by [an] ... attorney ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title.
 
 11 U.S.C. § 330(a).[2]
 
 10
 Levy argues that although special counsel's services did not provide a benefit to the estate, the fees are compensable from the estate because the services were necessary to the administration of the bankruptcy case as are services preparing fee applications. See In re Nucorp Energy, Inc., 764 F.2d 655 (9th Cir.1985).
 
 
 11
 The district court distinguished the fees in this case from those in Nucorp on the basis recognized in Boldt v. Crake ( In re Riverside-Linden Inv. Co.), 945 F.2d 320, 323 (9th Cir.1991):
 
 
 12
 The fees at issue here are the additional fees incurred opposing Crake's objection to the fee application. Unlike the presentation and preparation of the fee application itself, there is no statutory or Bankruptcy Rule requirement that attorneys for the debtor oppose objections to the fee application. We agree with the BAP that: "Nucorp does not provide a blanket allowance of fees for any and all services related to the fee application."
 
 
 13
 Id. (quoting In re Riverside-Linden Inv. Co., 111 B.R. 298, 301 (9th Cir. BAP1990)).
 
 
 14
 Fees here were incurred defending a fee award rather than opposing objections to the fee application, as in Riverside-Linden, but in both cases, the services were not required by statute or by Bankruptcy Rule. We hold that the court did not abuse its discretion or erroneously apply the law when it found that special counsel's services were not compensable under 11 U.S.C. § 330 because they did not benefit the estate.
 
 
 15
 AFFIRMED.
 
 
 
 **
 Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1986 version applies here because the bankruptcy petition was filed that year
 
 
 [2]
 The statute was revised in part in 1994 and now provides that the court shall not allow compensation for services that were not "reasonably likely to benefit the debtor's estate or necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A)