**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott Robin ROSTON, Defendant–Appellant.**

No. 97–50435.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 8, 1999.

Decided Feb. 16, 1999.

Diane E. Berley, Berley & DeVito, Woodland Hills, California, for the defendant-appellant.

Kendra S. McNally, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: LAY,* GOODWIN, and SCHROEDER, Circuit Judges.

GOODWIN, Circuit Judge:

Scott Robin Roston was convicted of second-degree murder in 1989. In his third appeal before this court, Roston argues that the 405–month sentence imposed by the district court, based on a seven-level upward departure from the Sentencing Guidelines, is unwarranted. We have jurisdiction under 28 U.S.C. § 1291, and affirm the sentence of the district court.

## FACTS

Roston's history before this court includes two prior appeals with respect to his second-degree murder conviction and sentence. The facts and circumstances of Roston's case have been adequately discussed by this court on prior occasions and therefore need not be repeated here in their entirety. *See United States v. Roston,* 986 F.2d 1287, 1289 (9th Cir.1993) ("*Roston I* "); *United States v. Roston,* 83 F.3d 430, 1996 WL 201004 (9th Cir.1996) (unpublished memorandum) ("*Roston II* "). It is sufficient to note that the evidence presented at trial showed that on the final night of the Roston's honeymoon aboard a cruise ship, Mrs. Roston was beaten and choked until she lost consciousness, then thrown from the ship's upper deck into the ocean where she drowned without regaining consciousness.

The district court initially sentenced Roston to life imprisonment, based on a ten-level upward departure from the Sentencing Guidelines. However, this court vacated the sentence and remanded for re-sentencing because the district court failed to justify adequately the grounds for such an extraordinary departure. *Roston I,* 986 F.2d at 1293–94 (relying on the test announced in *United States v. Lira–Barraza,* 941 F.2d 745, 751 (9th Cir.1991) (en banc)). On remand, the district court imposed a 405–month sentence,

based this time on a seven-level upward departure under two sections of the Sentencing Guidelines (U.S.S.G. §§ 5K2.1 and 5K2.8– "conduct causing death" and "extreme conduct"). Again, this court vacated the sentence, stating that the district court relied on several factors already taken into account by the Sentencing Guidelines, and instructing the court to give a more detailed explanation of the sentence imposed on remand. *Roston II,* 1996 WL 201004 at *5 (also relying on *Lira–Barraza* ).

In its most recent consideration of Roston's case, the district court again imposed a 405–month sentence based on a seven-level upward departure under the "extreme conduct" provision of the Sentencing Guidelines (U.S.S.G. § 5K2.8). Roston again appeals his sentence.

## STANDARD OF REVIEW

 We review for an abuse of discretion the district court's departure from the Sentencing Guidelines. *Koon v. United States,* 518 U.S. 81, 99, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). The district court's decision to depart from the Guidelines is inherently fact-specific, and therefore review is highly deferential on appeal. *Id.* at 99–100, 116 S.Ct. 2035. To the extent that "a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." *United States v. Sablan,* 114 F.3d 913, 919 (9th Cir.1997) (en banc), *cert. denied,* —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998).

## ANALYSIS

 This court has previously considered the district court's departures from the Sentencing Guidelines and remanded with instructions for the court to comply with our ruling in *United States v. Lira–Barraza,* 941 F.2d 745, 751 (9th Cir.1991) (en banc), by explaining "in terms of the structure, stan-

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

dards and policies of the Sentencing Guidelines why it departed upward...." *Roston I*, 986 F.2d at 1294. However, we recognize that *Lira–Barraza* no longer has the vitality it once had, and therefore review Roston's most recent sentence to determine if the district court's departure and the explanation offered are unreasonable under the circumstances of this case. *See Sablan*, 114 F.3d at 919 (using a reasonableness standard to evaluate the extent of departure from the Guidelines); *United States v. Beasley*, 90 F.3d 400, 403 (9th Cir.1996) (*"Lira–Barraza* has been effectively overruled. The only relevant inquiry in reviewing Sentencing Guidelines departure cases is whether the trial court abused its discretion in imposing the sentence.").

We have previously held that the evidence presented at Roston's trial would justify a departure from the Sentencing Guidelines under § 5K2.8 (extreme conduct).[1] *Roston I*, 986 F.2d at 1293. Therefore, we need only consider whether the degree of the district court's departure was reasonable. *See Sablan*, 114 F.3d at 917.

At the sentencing hearing, the court observed that the forensic evidence collected from the ship's upper deck, as well as the condition of Mrs. Roston's body, showed that Mrs. Roston was severely beaten and strangled before her body was thrown overboard. The evidence also showed that Mrs. Roston never regained consciousness, and drowned without a struggle. Based on this evidence, the court determined that the circumstances of this crime were exceptional, and the judge observed that he had never seen a case in which a honeymoon ended in such a chilling and heartless manner. In light of the severity of the crime and the unusually cruel circumstances of Mrs. Roston's death, the court found that an upward departure of seven levels was appropriate.[2]

We acknowledge that a seven-level departure from the Sentencing Guidelines is substantial, and should not be lightly taken. However, the district court was well-positioned to determine if the facts of this case were unusually cruel or brutal, as compared to other second-degree murder cases. It is appropriate to defer to the district court's assessment in this case. *See Koon*, 116 S.Ct. at 2047 ("District courts have an institutional advantage over appellate courts in making these sorts of determinations, especially as they see so many more Guidelines cases than appellate courts do."); *Sablan*, 114 F.3d at 916 (quoting *Koon v. United States*). We also agree that the facts of this case are exceptional.

## CONCLUSION

The district court did not abuse its discretion by departing upward from the Sentencing Guidelines in this case. The evidence in this case clearly supports a departure from the Sentencing Guidelines under § 5K2.8 ("extreme conduct"), and the resulting 405-month term of incarceration is not an unreasonable punishment for a man who killed his wife in such a barbaric manner.

The sentence of the district court is AFFIRMED.

---

1. Section 5K2.8 of the Sentencing Guidelines provides:
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 U.S.S.G. § 5K2.8 (effective November 1, 1987)

2. Based on the criminal history category (II) and base offense level (33) set by the court, the initial sentencing range for second-degree murder was 151–188 months. The seven-level departure taken in this case, from offense level 33 to 40, yields a sentencing range of 324 to 405 months. A first-degree murder conviction would have yielded a life sentence.