**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Miguel Angel PENALOZA–
HERNANDEZ, Defendant–
Appellant.**

No. 00–30241.
DC No. CR 00–30004 MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2001.*

Decided Sept. 20, 2001.

Before THOMPSON, TASHIMA, and
GRABER, Circuit Judges.

MEMORANDUM **

Miguel Angel Penaloza–Hernandez
("Appellant") appeals the sentence im-
posed by the district court following his
guilty plea to one count of illegal reentry
following deportation, in violation of 8
U.S.C. § 1326(a). Appellant contends that
the district court abused its discretion
when it imposed an upward departure on
the basis that Appellant's criminal history
was under-represented. We have jurisdic-
tion pursuant to 18 U.S.C. § 3742(a) and
28 U.S.C. § 1291, and we affirm.

The district court imposed a three-level
upward departure pursuant to U.S.S.G.
§ 4A1.3, which provides that a departure
"is warranted when the criminal history
category significantly under-represents the
seriousness of the defendant's criminal his-
tory or the likelihood that the defendant
will commit further crimes." The court's
reliance on Appellant's repeated immigra-
tion violations and on the fact that his
numerous prior convictions "have not de-
terred him from illegally reentering the
United States" to justify the departure did
not constitute an abuse of discretion. *See
United States v. Sablan,* 114 F.3d 913,
915–16 (9th Cir.1997) (en banc) (reviewing
for an abuse of discretion the district
court's decision to depart from the Sen-

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Cir. R. 36–3.

tencing Guidelines); *see also United States v. Connelly,* 156 F.3d 978, 985 (9th Cir. 1998) (stating that "[d]eparture is also justified purely on the basis of Defendant's likelihood of recidivism"). Moreover, the three-level departure imposed by the court, increasing Appellant's sentencing range from 24–30 months to 33–41 months, was not unreasonable. *Cf. United States v. Roston,* 168 F.3d 377, 379 & n. 2 (9th Cir.) (affirming an increase from 151–188 months to 324–405 months), *cert. denied,* 528 U.S. 843, 120 S.Ct. 112, 145 L.Ed.2d 95 (1999); *United States v. Beasley,* 90 F.3d 400, 402–04 (9th Cir.1996) (affirming an increase from 100–125 months to 151–188 months). The sentence imposed by the district court is accordingly

AFFIRMED.