**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Darrell HECKENDORN, Defendant–Appellant.**

**No. 01–30248.**

**D.C. No. CR–01–00053– Z CR–01–00026–Z.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON and TALLMAN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

John Darrell Heckendorn appeals his 71–month, concurrent sentences for several convictions arising out of a conspiracy to steal mail and to produce and use counterfeit identification in order to commit bank fraud, as well as a separate conviction for escape. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Heckendorn contends that the district court erred by departing upward two levels from the applicable guideline range based on the escalating seriousness of Heckendorn's criminal activities and the fact that Heckendorn had committed the instant offenses shortly after escaping from a halfway house, while still serving the custodial portion of a prior sentence. We review the district court's decision to impose an upward departure for abuse of discretion. *United States v. Roston,* 168 F.3d 377, 378 (9th Cir.1999).

Heckendorn essentially argues that the record did not support the district court's finding that the seriousness of his offense and criminal history were not adequately addressed by the otherwise applicable guideline. We cannot agree.

The record demonstrates that Heckendorn had engaged in a series of crimes of escalating seriousness in terms of the losses for his victims, and had carried out the instant string of crimes shortly after escaping from custody on a prior sentence, which was the result of a conviction for similar crimes he had committed after absconding while on supervised release from yet another prior conviction for similar crimes. On this record, we cannot say that the district court abused its discretion by finding that the applicable guideline

had not adequately accounted for the seriousness of this atypical offense conduct and by accordingly departing upwards two levels. *See* U.S.S.G. § 5K2.0 (providing that "the court may depart from the guidelines, even though the reason for departure is taken into consideration in determining the guideline range (e.g., as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate"); *Roston*, 168 F.3d at 378 ("To the extent that a district court sets out findings justifying the magnitude of its decision to depart and extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed.") (internal quotation omitted).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.