**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KLINT AUSTIN MELCER, AKA Danger,
AKA Austin Melcer,

Defendant - Appellant.

No. 10-50184

D.C. No. 2:08-cr-01201-ODW-70

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted August 2, 2011
Pasadena, California

Before: REINHARDT and BERZON, Circuit Judges, and KENNELLY, District
Judge.[**]

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]        The Honorable Matthew F. Kennelly, District Judge for the U.S.
District Court for Northern Illinois, Chicago, sitting by designation.

Pursuant to a written plea agreement, Defendant-Appellant Klint Melcer ("Melcer") pleaded guilty to a charge of conspiring to commit racketeering offenses. The Presentence Investigation Report determined Melcer's total offense level to be 26, and his criminal history category to be IV. These determinations resulted in an advisory Guidelines range of 92 to 115 months' imprisonment. At the sentencing hearing, the District Court informed the parties that it intended to depart upward two levels and was considering the imposition of a sentence at the high end of the recommended range of 110-137 months' imprisonment, because of the brutality of Melcer's crime and his prior conviction for assault with a firearm. The district court ultimately imposed a sentence of 137 months' imprisonment, followed by three years of supervised release, and a special assessment of $100. Melcer appeals his sentence.

Melcer does not dispute his pre-departure total offense level, his criminal history category, or his advisory Guidelines range. He does, however, raise two challenges to the district court's upward departure.

1. Melcer argues that, because death is an element of manslaughter under 18 U.S.C. § 1112 and there were no exceptional circumstances outside the heartland of the offense, the District Court was not authorized to rely on death as a factor for upward departure under U.S.S.G. § 5K2.1. Melcer's specific argument - that the

district court committed *procedural* error in relying on factors already accounted for by the Guidelines to justify an upward departure - has been explicitly rejected. *See United States v. Lichtenberg*, 631 F.3d 1021, 1027 n.8 (9th Cir. 2011). Instead, our "review of upward departures from the advisory Guidelines merges with [our] review of the ultimate sentence for reasonableness, and is not reviewed as a separate issue." *Id.*, citing *United States v. Mohamed*, 459 F.3d 979, 986 (9th Cir. 2006).

2.  Melcer also argues that, even if the District Court had legal authority to depart from the Guidelines, it failed to provide the requisite reasoned explanation of the extent of the departure, founded on the structure, standards and policies of the Sentencing Reform Act and the Guidelines.  This argument relies on *United States v. Lira-Barraza*, 941 F.2d 745, 751 (9th Cir. 1991) (en banc), which has been overruled.  *See United States v. Roston*, 168 F.3d 377, 378-79 (9th Cir. 1999); *United States v. Beasley*, 90 F.3d 400, 402-03 (9th Cir. 1996) (citing *Koon v. United States*, 518 U.S. 81 (1996)).  Under current precedents, a district court's explanation of its sentence must be sufficient to permit meaningful appellate review.  *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Although the district court must "explain why [it] imposes a sentence outside the Guidelines," *id.*, the explanation itself need not rely upon (indeed, it may expressly

3

contradict) the Guidelines. *See, e.g.*, *United States v. Mitchell*, 624 F.3d 1023, 1029-30 (9th Cir. 2010). Here, the district court's explanation of its sentence was sufficient to permit meaningful appellate review.

3. Melcer's opening brief on appeal did not challenge the substantive reasonableness of his sentence. The government's answering brief identified fatal defects with Melcer's procedural arguments and addressed his latent substantive unreasonableness claim. Because the government did brief the substantive reasonableness issue, we exercise our discretion to reach it. *See Koerner v. Grigas*, 328 F.3d 1039, 1048-49 (9th Cir. 2003) (citing *In re Riverside-Linden Inv. Co.*, 945 F.2d 320, 324 (9th Cir. 1991)).

Melcer's sentence was not substantively unreasonable. Although Melcer "is correct that some of the facts the court relied on to impose an above-Guidelines sentence were already taken into account by the Guidelines and the various enhancements imposed," the district court "also identified additional facts which were of a different nature than those required for the enhancements . . . ." *Lichtenberg*, 631 F.3d at 1027. The district court stated that Melcer's savage beating of Huddleston, which was apparently unprovoked and occurred while Melcer was on parole for felony assault, demonstrated "an unabated, depraved indifference to human life." As the district court noted at sentencing, this fact

4

contributed to the magnitude of the offense and the need to protect the public. The district court's sentence was therefore not substantively unreasonable.

**AFFIRMED.**